UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-255 NEB/ECW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER ALLEN EDWARDS,

    Defendants.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR FRANKS HEARING**

The United States of America, by and through its undersigned attorneys, hereby submits this response to defendant's motion for a *Franks* hearing (ECF 51):

Defendant previously moved to suppress certain evidence against him obtained via five separate warrants (or tracker orders)[1] on the grounds that the supporting applications did not support a finding of probable cause. (ECF 38-39). The United States submitted a memorandum in opposition on March 28, 2022. (ECF 49). While defendant's motion was pending, he filed an additional motion for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) related to these same five warrants, arguing that the warrant applications contained deliberate, material omissions by law enforcement.[2]

Under *Franks*, a defendant may request a hearing to challenge a search warrant on the ground that the supporting affidavit contains factual misrepresentations or omissions

---

[1] For ease of reference, the government will refer to them all as "Warrants" here.

[2] As explained in the government's memorandum in response to the defendant's original motion to suppress, the first two warrants were for tracking devices that were never actually installed due to officers being unable to locate the subject vehicle in order to install the device.

necessary to the probable cause determination. *Id.* at 155-56. In order to be entitled to an evidentiary hearing under *Franks*, a defendant must make a "substantial preliminary showing." *See*, *e.g.*, *United States v. Milton*, 153 F.3d 891, 896 (8th Cir. 1998). Specifically, where the defendant alleges information was omitted from the affidavit, the "defendant must show: (1) that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading; and (2) that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause." *United States v. Conant*, 799 F.3d 1195, 1199-200 (8th Cir. 2015) (citing *United States v. Reinholz*, 245 F.3d 765, 774 (8th Cir. 2001)). "Mere negligence or innocent mistake is insufficient to void a warrant." *United States v. Clapp*, 46 F.3d 795, 799 (8th Cir. 1995).

The substantial preliminary showing requirement needed to obtain a *Franks* hearing "is not easily made," *United States v. Engler*, 521 F.3d 965, 969 (8th Cir. 2008), and it must be "comprised of specific allegations along with supporting affidavits or similarly reliable statements." *United States v. Williams*, 477 F.3d 554, 558 (8th Cir. 2007). "Because there is a presumption of validity with respect to the affidavit supporting the search warrant, to mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." *United States v. Williams*, 477 F.3d 554, 558 (8th Cir. 2007) (cleaned up). Here, defendant has failed to make a substantial preliminary showing entitling him to a *Franks* hearing.

Defendant's first *Franks* claim relates to the applications' inclusion of information provided to law enforcement by a confidential reliable informant (CRI). Specifically, defendant complains that the first two warrant applications explained why law enforcement

considered the CRI to be reliable—saying the CRI's information "led to the arrest of at least three people"—while the latter three applications do not. (ECF 51 ¶ 1). The omission of the CRI's track record of success in the latter three applications, however, does not justify a *Franks* hearing. The essence of the *Franks* rule is to prevent officers from deliberately or recklessly omitting information that might tend to *undermine* probable cause, in order to mislead a court into issuing a warrant where none should issue. In this case, however, the fact that the CRI's information had led to three arrests *supported* a finding of probable cause—not undermined it. *See United States v. Faulkner*, 826 F.3d 1139, 1144 (8th Cir. 2016) (informant reliability including track record of providing trustworthy information supported a probable cause finding). Stated differently, the alleged omission of this information worked against law enforcement, rather than against the defendant.

Viewed in this context, defendant's argument cannot meet the *Franks* standard. First, defendant has provided absolutely no evidence that omission of information regarding the CRI's track record of success was "deliberate or reckless." *United States v. Arnold*, 725 F.3d 896, 899 (8th Cir. 2013) (district court properly denied *Franks* motion because defendant "provided no evidence suggesting the misrepresentations were deliberate or reckless"). The defendant's argument that this was a reckless or deliberate omission is undercut by the fact that the omitted information would have *reinforced* probable cause, not undermined it. The officer would have no incentive to deliberately withhold information that would support the warrant application. Indeed, in the latter three warrants, the officer referenced the first warrant, strongly suggesting that there was no attempt to hide the information contained in that warrant. (ECF 49-3 p. 3; 49-4 p. 3; 49-5 p. 4)

Likewise, defendant fails the second prong of the *Franks* test: "that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause." *Conant*, 799 F.3d at 1199-200. Here, an affidavit supplemented with the informant's track record of success would only buttress the probable cause finding, not thwart it.

Defendant's argument boils down simply to a complaint that all relevant information was not included in the applications. But while the officer certainly *could* have included the information about the CRI's track record of success in the latter three applications, a law enforcement official is not *required* to include everything he knows about a subject or an investigation in his affidavit. *Schaffer v. Beringer*, 842 F.3d 585, 594 (8th Cir. 2016). That is especially true where—as here—the issuing judge could "infer by the designation of the informant as 'reliable' that he or she had provided such information in the past." *Faulkner*, 826 F.3d at 1145.

In any case, a track record of success is not the only way to establish the reliability of an informant. Informant reliability can also be established by corroboration, which was clearly present here. The initial CRI information was corroborated in several respects, for example:

- The CRI's information that defendant was dealing drugs was corroborated by the fact that law enforcement had received "previous narcotics tips" about defendant starting 1-2 years earlier, and he and his vehicle were the subject of "multiple narcotics related law enforcement calls," including some in which currency, scales, or small amounts of drugs were found. (ECF 49-3 p. 3);

- The CRI's information that defendant was driving a reddish 4-door car to deliver controlled substances was corroborated by officers observing a reddish Dodge Charger registered to defendant at his address, and the fact that vehicle was the subject of the previously mentioned drug-related calls and stops (*Id.*).

In the latter three warrants, the CRI information was also cross-corroborated—that is, supported by similar information from other tipsters or informants that defendant was selling drugs. *See, e.g., United States v. Reivich*, 793 F.2d 957, 963 (8th Cir. 1986).

The same logic applies to defendant's other so-called *Franks* allegations. Defendant complains that the affidavits reference other CRIs without explaining the basis for why they were deemed reliable. (ECF 51 ¶ 2). Likewise, defendant complains that the CRIs were "insufficiently corroborated." (ECF 51 ¶ 3). He also complains that law enforcement relied on "tipsters" and "jail inmates." (*Id.* ¶¶ 4-5). These are clearly arguments directed against the probable cause showing contained in the affidavits, not *Franks* arguments.[3] Defendant cites no evidence that this (or any) information was withheld deliberately or recklessly; he fails to explain how the applications would not support probable cause if supplemented with this information; and he fails to cite any legal authority requiring the inclusion of this information, see *Schaffer*, 842 F.3d at 594. As with defendant's other arguments, he does not cite any information that was omitted that would have thwarted a finding of probable cause. Defendant appears to be conflating the *Franks* standard with his general argument—already set forth in his original suppression motion—that the affidavits lacked probable cause.

Contrary to defendant's argument, information from the informants and tipsters was independently corroborated. After the initial CRI information in January 2021, officers received information from (1) a "tipster" that defendant was selling drugs and driving a dark

---

[3] The government has already responded to the defendant's probable cause arguments in its previous response to his motion to suppress. (ECF 49).

5

gray Audi SUV; and (2) a CRI who stated that defendant was staying at a hotel in southwest Rochester with co-defendant Chloe Johnson. (ECF 49-4 pp. 3). Later, officers also received information from an inmate at the detention center that defendant was selling drugs, driving a gray Audi SUV, and living at the Gates of Rochester apartment with a female accomplice. (*Id*. p. 4). In addition to cross-corroborating each other, these sources of information were independently corroborated when officers first found defendant at a hotel in southwest Rochester, driving a dark gray Audi SUV (registered to him at his residence)—and later saw him and his co-defendant at the Gates of Rochester apartment. (*Id.* pp. 3-4). Furthermore, the inmate's information was further corroborated when officers learned the co-defendant had begun services/utilities at the Gates of Rochester, and the previously approved tracking devices showed defendant's vehicle making frequent trips to the Gates of Rochester in a manner indicative of drug trafficking. (*Id.* pp. 4-5). In other words, there is simply no merit to defendant's argument that the tipsters or informants were not independently corroborated.

Defendant's final argument is that the information in the affidavits at most supports lower-level marijuana dealing and other suspicious activity and not involvement in cocaine. (ECF 51 ¶ 6). This argument does not reference any false statement or deliberate omission at all and makes no effort to satisfy the *Franks* standard. Defendant's argument also fails because an issuing judge is not required to rule out every innocent (or less culpable) interpretation of the facts in the affidavit. See *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018). Finally, even if defendant is correct that the evidence points to "lower-level marijuana dealing"—that would still be proper basis for issuance of a warrant.

In sum, the defendant has utterly failed to identify any omission intended to make the affidavit misleading against him. He has also failed to identify any omission which—if included—would make the affidavit unable to support a finding of probable cause. Accordingly, the Court should deny defendant's motion for a *Franks* hearing.

Dated: May 11, 2022

                                                  Respectfully Submitted,

                                                  ANDREW M. LUGER
                                                  United States Attorney

                                                  */s/ Nathan H. Nelson*

                                                  BY:  NATHAN H. NELSON
                                                  Assistant U.S. Attorney
                                                  Attorney ID No. 0388713