UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-255 (NEB/ECW)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JOINT PROPOSED JURY** |
| v. | **)** | **INSTRUCTIONS** |
| | ) | |
| CHRISTOPHER ALLEN EDWARDS, | ) | |
| | ) | |
| Defendant. | ) | |

The United States, by and through its attorneys, Andrew M. Luger, United States

Attorney for the District of Minnesota, Assistant United States Attorney Nathan H. Nelson

and Special Assistant United States Attorney Hillary A. Taylor, and the defendant

Christopher Allen Edwards, by and through his attorney Douglas B. Altman, hereby

respectfully submit the following proposed joint proposed jury instructions at the trial of

the above-captioned case.

In the event that defendant is convicted, there may be additional instructions and a

verdict form needed for the jury to determine the facts related to the 21 U.S.C. § 851

enhancement alleged in the Indictment.

Dated: September 19, 2022                Respectfully Submitted,

                                         ANDREW M. LUGER
                                         United States Attorney

                                         s/ *Nathan H. Nelson*

                                         BY:   NATHAN H. NELSON
                                         Assistant United States Attorney
                                         HILLARY A. TAYLOR
                                         Special Assistant United States Attorney

# Preliminary Instructions

# Before Opening Statements

JURY INSTRUCTION NO.  1
(General:   Nature of Case; Nature of Indictment;
Burden of Proof; Presumption of Innocence;
Duty of Jury; Cautionary)

Ladies and gentlemen:  I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.   At the end of the trial I will give you further instructions.   I may also give you instructions during the trial.   Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

[You must leave your cell phone, smart phone, iPhone and any other wireless communication devices in the jury room during the trial and may only use them during breaks.   However, you are <u>not</u> allowed to have cell phones in the jury room during your deliberations.   You may give the cell phone to the [bailiff] [deputy clerk] for safekeeping just before you start to deliberate.   It will be returned to you when your deliberations are complete.]

This is a criminal case brought against the defendant by the United States government.   The defendant is charged with two crimes.   First, conspiracy to distribute controlled substances, including cocaine, heroin, and methamphetamine.   Second, possession with intent to distribute cocaine.   Those charges are set forth in what is called an indictment [which reads as follows].

<u>COUNT 1</u>: Beginning in on or about June 2021, and continuing through on or about October 16, 2021, in the State and District of Minnesota and elsewhere, the defendant, CHRISTOPHER ALLEN EDWARDS did knowingly and intentionally conspire with others known and unknown to the grand jury distribute a controlled substance, to wit: 500 grams or more of a mixture or substance containing a detectable amount of cocaine; 100 grams

or more of a mixture or substance containing a detectable amount of heroin; and a mixture or substance containing a detectible amount of methamphetamine; in violation of Title 21 of the United States Code.

COUNT 2: On or about October 16, 2021, in the State and District of Minnesota, the defendant, CHRISTOPHER ALLEN EDWARDS, did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21 of the United States Code.

You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty, and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crime charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only the defendant, not anyone else, are on trial here, and that the defendant is on trial only for the crime charged, not for anything else.[1]

---

[1] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.01 (2021).

JURY INSTRUCTION NO.  2
(Elements of the Offense – Preliminary)

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the government must prove beyond a reasonable doubt to make its case:

As to Count 1 of the Indictment charging the defendant with conspiracy to distribute controlled substances, the crime has three elements which are:

*One*, during the period alleged in the indictment, two or more persons reached an agreement or understanding to distribute controlled substances, such as cocaine, heroin, or methamphetamine;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

As to Count 2 of the indictment charging the defendant with possession with intent to distribute cocaine, the crime has three elements which are:

*One*, the defendant possessed some quantity of a mixture or substance containing cocaine;

*Two*, the defendant knew that he possessed cocaine; and

*Three*, the defendant intended to distribute some or all of the mixture or substance containing cocaine.

You should understand, however, that what I have just given you is only a preliminary outline.   At the end of the trial I shall give you a final instruction on these matters.   If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.[2]

---

[2] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.02 (2021).

JURY INSTRUCTION NO.  3
(Evidence; Limitations)

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated – that is, formally agreed to by the parties, and any facts that have been judicially noticed – that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence.   I shall list those things for you now:

1.   Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.   Objections are not evidence.   Lawyers have a right to object when they believe something is improper.   You should not be influenced by the objection.   If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.   Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.   Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.   That is, it can be used by you only for one particular purpose, and not for any other purpose.   I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."   You are instructed that you should not be concerned with those terms.   The law makes no distinction between direct and circumstantial evidence.   You should give all evidence the weight and value you believe it is entitled to receive.[3]

---

[3] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.03 (2021).

JURY INSTRUCTION NO.  4
(Credibility of Witnesses)

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.   You may believe all of what a witness said, or only part of it, or none of it.

[In deciding what testimony of any witness to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.]

[Again you must avoid bias, conscious or unconscious, based on a witness's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances in your determination(s) of credibility.][4]

---

[4] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.05 (2021).

JURY INSTRUCTION NO.   5
(No Transcript Available – Note-Taking)

At the end of the trial you must make your decision based on what you recall of the evidence.   You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony.   You must pay close attention to the testimony as it is given.

[If you wish, however, you may take notes to help you remember what witnesses said.   If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.   And do not let note-taking distract you so that you do not hear other answers by the witness.]

[When you leave at night, your notes will be secured and not read by anyone.][5]

---

[5] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.06A (2021).

JURY INSTRUCTION NO.  6
(Bench Conferences and Recesses)

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.[6]

---

[6] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.07 (2021).

JURY INSTRUCTION NO.   7
(Conduct of the Jury)

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me].   If someone should try to talk to you about the case [during the trial], please report it to the [bailiff] [deputy clerk].   (Describe person.)

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them.   It is important not only that you do justice in this case, but that you also give the appearance of doing justice.   If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused.   If any lawyer, party or witness does not speak to you when you pass in the hall, rides the elevator or the like, it is because they are not supposed to talk to or visit with you.

 *Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial.   You can explain when you

are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, [claims] [charges], evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research - on the Internet, in libraries, in the newspapers, or in any other way - or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any

information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. [In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any television or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.] I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so.

[Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.]

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Ninth*, faithful performance by you of your duties as jurors is vital to the administration of justice. You should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case.

[Our system of justice depends on jurors like you being able and willing to make careful and fair decisions. A first response is often like a reflex; it may be quick and automatic.  Even though a quick response may not be the result of conscious thought, it may influence how we judge people or even how we remember or evaluate evidence.   You must not decide this case based on personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases such as stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Take the time to reflect carefully and consciously about the evidence.][7]

---

[7] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.08 (2021).

JURY INSTRUCTION NO.   8
(Outline of Trial)

The trial will proceed in the following manner:

First, the government attorney will make an opening statement.   [Next the defendant's attorney may, but does not have to, make an opening statement.]   An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The government will then present its evidence and counsel for the defendant may cross-examine.   [Following the government's case, the defendant may, but does not have to, present evidence, testify or call other witnesses.   If the defendant calls witnesses, the government counsel may cross-examine them.]

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you.   As with opening statements, closing arguments are not evidence.   The court will instruct you further on the law.   After that you will retire to deliberate on your verdict.[8]

---

[8] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.09 (2021).

# Instructions for Use During Trial

JURY INSTRUCTION NO.   9
(Duties of Jury – Recesses)

During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else.   Do not allow anyone to discuss the case with you or within your hearing. Only you have been chosen as jurors in this case, and only you have sworn to uphold the law – no one else has been chosen to do this.   You should not even talk among yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision.   If anyone tries to talk to you about the case, please let me know about it immediately.

When I say "you must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

[Do not read any newspaper or other written account, watch any televised account, or listen to any radio program about this trial.   Do not conduct any electronic research or consult with any other sources about this case, the people involved in the case, or its general subject matter.   You must keep your mind open and free of outside information.   Only in this way will you be able to decide the case fairly, based solely on the testimony, evidence presented in this courtroom, and my instructions on the law.   If you decide this case on anything else, you will have done an injustice.   It would be a violation of your oath for you to base your decision on someone else's view or opinion, or upon other information you acquire outside the courtroom.   It is very important that you follow these instructions.]

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.[9]

---

[9] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.01 (2021).

JURY INSTRUCTION NO.   10
(Stipulated Facts) (***if applicable***)

The government and the defendant have stipulated—that is, they have agreed—that certain facts are as counsel have just stated. You must therefore treat those facts as having been proved.[10]

---

[10] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.03 (2021).

JURY INSTRUCTION NO.   11
(Statement by Defendant) (***if applicable***)

You have heard testimony that the defendant made statements to law enforcement and to other percipient witnesses.   It is for you to decide:

*First*, whether the defendant made the statement; and

*Second*, if so, how much weight you should give to it.

[In making these two decisions you should consider all of the evidence, including the circumstances under which the statement may have been made.][11]

---

[11] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.07 (2021).

JURY INSTRUCTION NO.   12
(Defendant's Prior Similar Acts – Fed. R. Evid. 404(b)) (*if applicable*)
*(The defendant objects to this instruction)*

You [are about to hear] [have heard] evidence that the defendant (describe evidence the jury is about to hear or has heard).   You may consider this evidence only if you (unanimously) find it is more likely true than not true.   You decide that by considering all of the evidence and deciding what evidence is more believable.   This is a lower standard than proof beyond a reasonable doubt.

If you find this evidence has been proved, then you may consider it to help you decide [describe purpose under 404(b) for which evidence has been admitted].   You should give it the weight and value you believe it is entitled to receive.   If you find that this evidence has not been proved, you must disregard it.

Remember, even if you find that the defendant may have committed a similar act or acts, this is not evidence that he committed such an act in this case.   You may not convict a person simply because you believe he may have committed similar acts that are not charged in the Indictment.   The defendant is on trial only for the crimes charged in the Indictment, and you may consider the evidence of other acts only on the issue stated above.[12]

_____

[12] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.08 (2021)

JURY INSTRUCTION NO.   13
(Witness Who Has Pleaded Guilty) (***if applicable***)

You have heard that the witness (name) [pled] [pleaded] guilty to a crime which arose out of the same events for which the defendant is on trial here. You must not consider that guilty plea as any evidence of this defendant's guilt. You may consider that witness' guilty plea only for the purpose of determining how much, if at all, to rely upon her testimony.[13]

---

[13] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.19 (2021).

JURY INSTRUCTION NO.  14
(Defendant's Testimony – Impeachment by Prior Conviction)

You [are about to hear] [have heard] evidence that defendant was previously convicted of a crime. You may use that evidence only to help you decide whether to believe his testimony and how much weight to give it. The fact that he was previously convicted of a crime does not mean that he committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.[14]

---

[14] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.16 (2021).

# Instructions for Use at the End of the Trial

JURY INSTRUCTION NO.  15
(Introduction)

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.   I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.   You must not single out some instructions and ignore others, because all are important.  [This is true even though some of those I gave you [at the beginning of] [during] trial are not repeated here.]

[The instructions I am about to give you now [as well as those I gave you earlier] are in writing and will be available to you in the jury room.]   [I emphasize, however, that this does not mean they are more important than my earlier instructions.   Again, all instructions, whenever given and whether in writing or not, must be followed.][15]

---

[15] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.01 (2021).

JURY INSTRUCTION NO.  16
(Duty of Jury)

It is your duty to find from the evidence what the facts are.   You will then apply the law, as I give it to you, to those facts.   You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias.   Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention.   Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

Do not allow sympathy or prejudice to influence you.   The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.[16]

---

[16] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.02 (2021).

JURY INSTRUCTION NO. __17__
(Evidence; Limitations)

I have mentioned the word "evidence."   The "evidence" in this case consists of the testimony of witnesses [the documents and other things received as exhibits] [the facts that have been stipulated -- this is, formally agreed to by the parties,] [the facts that have been judicially noticed -- this is, facts which I say you may, but are not required to, accept as true, even without evidence].

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence.   I shall list those things again for you now:

l.   Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.   Objections are not evidence.   Lawyers have a right to object when they believe something is improper.   You should not be influenced by the objection.   If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.   Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.   Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.[17]

---

[17] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.03 (2021).

JURY INSTRUCTION NO.   18
(Direct and Circumstantial Evidence)

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."   You are instructed that you should not be concerned with those terms.   The law makes no distinction between direct and circumstantial evidence.   You should give all evidence the weight and value you believe it is entitled to receive.[18]

---

[18] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.03, 4.17 (2021).

JURY INSTRUCTION NO.  19
(Credibility of Witnesses)

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

[In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.   You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.]

[You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.][19]

---

[19]  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.04 (2021).

JURY INSTRUCTION NO.   20
(Testimony Under Grant of Immunity or Plea Bargain)
(Credibility – Cooperating Witness) (*if applicable*)

You have heard evidence that (*name of witness*) [has made a plea agreement with the government] [has received a promise from the [government] that [he/she] will not be prosecuted] [has received a promise from the [government] [prosecution] that [his/her] testimony will not be used against [him/her] in a criminal case].   [His/Her] testimony was received in evidence and may be considered by you. You may give [his/her] testimony such weight as you think it deserves.   Whether or not [his/her] testimony may have been influenced by the [plea agreement] [government's promise] is for you to determine.

[The witness' guilty plea cannot be considered by you as any evidence of this defendant's guilt.   The witness' guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness' testimony.][20]

---

[20] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 4.04 (2021).

JURY INSTRUCTION NO.   21
(Testimony of Accomplice) (***if applicable***)

You have heard testimony from (name of witness) who stated that [he/she] participated in the crime charged against the defendant.   [His/Her] testimony was received in evidence and may be considered by you.   You may give her testimony such weight as you think it deserves.   Whether or not [his/her] testimony may have been influenced by her desire to please the government or to strike a good bargain with the government about [his/her] own situation is for you to determine.[21]

---

[21]  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 4.05A (2021).

JURY INSTRUCTION NO.  22
(Opinion Evidence – Expert Witness)

You have heard testimony from persons described as experts.  Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony.  You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.[22]

---

[22] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 4.10 (2021)

JURY INSTRUCTION NO.   23
(Demonstrative Summaries Not Received in Evidence) (*if applicable*)

[Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case.   Those charts or summaries are used for convenience.   They are not themselves evidence or proof of any facts.   If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.]23

---

23 Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 4.11 (2021).

JURY INSTRUCTION NO.  24

(Rule 1006 Summaries) (***if applicable***)

You will remember that certain [schedules] [summaries] [charts] were admitted in evidence. You may use those [schedules] [summaries] [charts] as evidence, even though the underlying documents and records are not here.[24]

---

[24] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 4.12 (2021).

JURY INSTRUCTION NO.  25
(Defendant's Failure to Testify)
(***if applicable and requested by the defendant***)

[There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the prosecution throughout the trial. The fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.][25]

---

[25] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 4.01 (2021).

JURY INSTRUCTION NO.  26
(Description of Charge; Indictment Not Evidence;
Presumption of Innocence; Burden of Proof)
(Single Defendant, Single Count)

The indictment in this case charges the defendant with two different crimes. Count 1 charges the defendant with conspiracy to distribute controlled substances, such as cocaine, heroin, and methamphetamine.   Count 2 charges the defendant with possession with intent to distribute cocaine.   The defendant has pleaded not guilty to each of those charges.

The indictment is simply the document that formally charges the defendant with the crime for which he is on trial.   The indictment is not evidence.   At the beginning of the trial, I instructed you that you must presume the defendant to be innocent.   Thus, the defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

 [There is no burden upon a defendant to prove that he is innocent.]   Instead, the burden of proof remains on the government throughout the trial.   [The fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.][26]

---

[26] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.06 (2021).

JURY INSTRUCTION NO.   27
(Reasonable Doubt)

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation.   A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence.   Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions.   Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.   Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.[27]

---

[27] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.11 (2021).

JURY INSTRUCTION NO.   28
(Conspiracy – 21 U.S.C. § 846)

The crime of conspiracy as charged in Count 1 of the Indictment, has three essential elements, which are:

*One*, from on or about June 2021, and continuing through on or about October 16, 2021, two or more persons reached an agreement or came to an understanding to distribute a mixture or substance containing cocaine, heroin, or methamphetamine;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

For you to find the defendant guilty of this crime, the government must prove all of these elements beyond a reasonable doubt; otherwise, you must find the defendant not guilty.

[You are instructed that cocaine, heroin, and methamphetamine are controlled substances under federal law.]

If you find the defendant guilty of Count 1, then you must also complete Questions 1 and 2 on the Special Verdict Form.  Question 1 lists various amounts of cocaine you must unanimously find were involved in the conspiracy, ranging from no cocaine to 500 grams or more of a mixture or substance containing cocaine.  Question 2 lists various amounts of heroin that you must unanimously find were involved in the conspiracy,

ranging from no heroin to 100 grams or more of a mixture or substance containing heroin. Check the drug quantity which you unanimously agree was involved in the offense. If you agree that the offense involved some quantity of a particular drug, but are unable to agree on the amount, check the entry for the lowest drug quantity. If you unanimously find the defendant not guilty of Count 1, then skip Questions 1 and 2.

You are instructed that the quantity of controlled substances involved in the agreement or understanding includes controlled substances the defendant possessed for personal use, distributed, or agreed to distribute. The quantity also includes controlled substances fellow conspirators distributed or agreed to distribute, if you find that those distributions or agreements to distribute were a necessary or natural consequence of the agreement or understanding and were reasonably foreseeable by the defendant.[28]

---

[28] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 3.09 and 6.21.846A.1 (modified) (2021).

JURY INSTRUCTION NO.  29
(Conspiracy: Elements)

**Element One –**

Element One requires that two or more people reached an agreement to commit the crime of distribution of controlled substances.

Count 1 of the indictment charges a conspiracy to distribute controlled substances. For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose.

The agreement between two of more people to commit the crime of distribution of controlled substances does not need to be a formal agreement or be in writing.   A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of distribution of controlled substances was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time.   The members of an agreement do not all have to join it at the same time.   You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

**Element Two –**

Element Two requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit the crime of distribution of controlled substances, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime of distribution of controlled substances, you could consider the acts and statements of each person alleged to be part of the agreement.   Now, in deciding whether the defendant joined the agreement, you may consider only the acts and statements of the defendant.

A person joins an agreement to commit the crime of distribution of methamphetamine by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime of distribution of methamphetamine.   It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy.   A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member.

A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

To help you decide whether the defendant agreed to commit the crime of distribution of controlled substances you should consider the elements of that crime, which are the following:

> *One*, the defendant intentionally transferred controlled substances; and

> *Two*, at the time of the transfer, the defendant knew that it was a controlled substance.

You may consider these elements in determining whether the defendant agreed to commit the crime of distribution of controlled substances, keeping in mind that this count of the indictment only charges a conspiracy to commit the crime of distribution of methamphetamine, and does not charge that the crime of distribution of controlled substances was committed.

**Element Three –**

Element Three requires that the defendant knew the purpose of the agreement at the time they joined the agreement.

A person knows the purpose of the agreement if he or she is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident.   It is seldom, if ever, possible to determine directly what was in the defendant's mind.   Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of distribution of controlled substances simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.   The defendant must have known of the existence and purpose of the agreement.   Without such knowledge, the defendant cannot be guilty of conspiracy, even if his or her acts furthered the conspiracy.[29]

---

[29] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 5.06A-2 6.21.841B (2021).

JURY INSTRUCTION NO.  30
(Possession with Intent to Distribute Controlled Substances – Defined)

The crime of possession with intent to distribute cocaine as changed in Count 2 of the indictment has three elements, which are:

*One*, the defendant possessed a mixture or substance containing a detectable amount of a cocaine;

*Two*, the defendant knew that he was in possession of cocaine; and,

*Three*, the defendant intended to distribute some or all of the cocaine to another person.

If you find these three elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime of possession with intent to distribute cocaine as charged in Count 2.   Record your determination on the special verdict form, which will be submitted to you with these instructions.

If you unanimously find the defendant guilty of Count 2, then you must also complete Question 3 on the Special Verdict Form.   Question 3 lists various amounts of cocaine that you must unanimously find were involved in the crime, ranging from less than 500 grams of a mixture or substance containing cocaine, to 500 grams of more of a mixture or substance containing cocaine.   Check the drug quantity which you unanimously agree was involved in the offense.   If you agree that the offense involved some quantity of a particular drug, but are unable to agree on the amount, check the entry for the lowest drug

quantity.   If you unanimously find the defendant not guilty of Count 2, then skip Question 3.[30]

---

[30] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 6.21.841A.1 (modified) (2021).

JURY INSTRUCTION NO. __31__
(Aiding and Abetting – Possession With Intent To Distribute)
(18 U.S.C. § 2(a))

A person may be found guilty of possession with intent to distribute cocaine even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of the crime.

In order to have aided and abetted the commission of a crime a person must, before or at the time the crime was committed:

(1) have known the crime of possession with intent to distribute cocaine was being committed or going to be committed;

(2) have had enough advance knowledge of the extent and character of the crime that he was able to make the relevant choice to walk away from the crime before all elements of the possession with intent to distribute cocaine were complete; and

(3) have knowingly acted in some way for the purpose of [causing] [encouraging] [aiding] the commission of the crime of possession with intent to distribute cocaine.

For you to find the defendant guilty of possession with intent to distribute by reason of aiding and abetting, the government must prove beyond a reasonable doubt all of the elements of possession with intent to distribute cocaine were committed by some person or persons and that the defendant aided and abetted that crime; otherwise you must find the defendant not guilty of this crime under Count 2.

[You may infer the defendant had the requisite advance knowledge of the crime if you find the defendant failed to object or withdraw from actively participating in the

commission of distributing controlled substances after the defendant observed another participant possess cocaine.]

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.[31]

---

[31] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 5.01 (2021) (modified).

JURY INSTRUCTION NO.  32
(Possession: Actual, Constructive, Sole, Joint)

The law recognizes several kinds of possession.  A person may have actual possession or constructive possession.   A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole.   If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.[32]

---

[32]  Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 8.02 (2021).

JURY INSTRUCTION NO.   33
(Possession; Ownership Immaterial)
*(The defendant objects to this instruction)*

As to the element of possession, the statute involved here prohibits in part the knowing possession of a mixture or substance containing cocaine.   The [government] is not required to prove that the defendant owned the mixture or substance containing cocaine.   Ownership is immaterial.[33]

---

[33] *United States v. Zrust*, 835 F.2d 192, 193 (8th Cir. 1987) ("It is possession, not ownership, that is controlling on the issue of guilt.") (analyzing knowing possession of unregistered firearm under 26 U.S.C. § 5861(d)). *United States v. Johnson*, 683 F.2d 1187, 1188 (8th Cir. 1982); *United States v. Hernandez*, 972 F.2d 885,887 (8th Cir. 1992); *United States v. Lindsey*, 782 F.2d 116, 118 (8th Cir. 1986).

JURY INSTRUCTION NO.  34
("Distribute" – Defined)

The term "distribute," as used in these instructions, means to deliver or to transfer possession or control of something from one person to another.  The term "distribute" includes the sale of something by one person to another.[34]

---

[34] O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, (6th ed.) 64.04.  (No corresponding Eighth Circuit Model Instruction) (modified).

JURY INSTRUCTION NO.  35

(Knowledge of Precise Controlled Substance Need Not Be Proven)

*(The defendant objects to this instruction)*

It is not necessary for the government to prove that the defendant knew the precise nature of the controlled substance that was agreed (or intended) to be distributed. The government must prove beyond a reasonable doubt, however, that the defendant did know that some type of controlled substance was agreed to (or intended) be distributed. [In this regard, you are instructed that numerous other illegal substances, such as marijuana, crack cocaine, and fentanyl, fall within the definition of a controlled substance.][35]

---

[35] O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, (5th ed.) § 64.15 (with bracketed language inserted if raised by the evidence). There is no corresponding Eighth Circuit Model Instruction.

JURY INSTRUCTION NO.  36
(Proof of Intent or Knowledge)

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.[36]

---

[36] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 7.05 (2021).

JURY INSTRUCTION NO.  37
("On or About" – Defined)

The Indictment alleges that the offenses charged occurred "on or about" a certain date or within a certain range of dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the time frame alleged in the Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.[37]

---

[37] O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 13.05 (as modified).

JURY INSTRUCTION NO.  38
(Election of Foreperson; Duty to
Deliberate; Punishment Not a Factor;
Communications With Court;
Cautionary; Verdict Form)

In conducting your deliberations and returning your verdict, there are certain rules you must follow.   I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.   That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.   You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.   But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility.   You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.   I will respond as soon as possible either in writing or orally in open court.   Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.   The verdict whether guilty or not guilty must be unanimous.   Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.   [The form reads: (read form)].   You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.[38]

---

[38] Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.12 (2021).

# Section 851 Enhancement Instructions

## To Be Used Only If Defendant is Found Guilty on One or More Counts

JURY INSTRUCTION NO.   39

(Facts Establishing § 851 Enhancement)

[*For use in the event that Defendant is convicted and demands a jury finding with respect to certain facts about his prior conviction*.]

Members of the jury, although you have found defendant guilty of [Count 1 and/or Count 2] of the Indictment, your job is not quite yet complete.  You will now hear testimony and evidence about the defendant's prior convictions.

You are instructed that the defendant has three prior convictions relevant to this case:

*One*, Assault in the 2nd Degree in Olmsted County, Minnesota, Criminal Case No. 55-K4-02-003563, on or about February 14, 2003;

*Two*, Aggravated Robbery in the 1st Degree in Olmsted County, Minnesota, Criminal Case No. 55-K9-04-004714, on or about February 16, 2007;

*Three*, Assault in the 1st Degree – Great Bodily Harm, in Olmsted County, Minnesota, Criminal Case No. 55-K4-06-000414, on or about February 16, 2007.

You will need to answer two questions about each of those convictions beyond a reasonable doubt.

*First,* whether prior to committing the crimes set forth in [Count 1 and/or Count 2], the defendant served a term of imprisonment of more than 12 months for the conviction; and

*Second*, whether the defendant was released from serving any term of imprisonment for the conviction within 15 years of the commencement of the offenses charged in [Count

1 and/or Count 2].

Following the testimony, the lawyers may each make a brief closing argument.