UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 21-255 (NEB/ECW)

--------------------------------

United States of America,

        Plaintiff,

v.

Christopher Allen Edwards,

        Defendant.

--------------------------------

MOTION FOR LEAVE TO
RE-OPEN SUPPRESSION
HEARING RELATING TO
THE SEIZURE OF ABOUT
FOUR KILOGRAMS OF
COCAINE

I.

FACTS

On or about October 15, 2021, pursuant to a search warrant (Warrant) issued by an Olmsted County, Minnesota District Court Judge, attached to this Motion as Exhibit 1, the Olmsted Court Sheriff and other investigative agencies stopped a rental Jeep heading north on I-90 from Mason City, Iowa.  Chloe Johnson was driving the Jeep, and Christopher Edwards was the passenger.  According to Olmsted County Investigator Joel Johnson, a cursory search of the Jeep turned up about four (4) kilograms of cocaine in a black backpack in the rear hatch of the Jeep.  A fuller search followed.

Under penalty of perjury, Investigator Johnson swore in the "Receipt, Inventory, and Return" that he "took into

1

custody the property and things listed below:… See the attached OCSO Evidence/Inventory Logs" (Exhibit 1, page 146).

There were three Logs.  Exhibit 1, page 160 is the Log for the Jeep and is initialed JJ, presumably for Investigator Joel Johnson.  Exhibit 1, page 161 is the Log for Mr. Edwards' home and is initialed JJ.  Exhibit 1, page 162 is the Log for Ms. Johnson's home and is not initialed by Investigator Johnson.

The Log for the Jeep, where the cocaine was allegedly found, makes no reference to four kilograms of cocaine, or any drugs for that matter.

Assuming arguendo that there was a multi-kilogram seizure of cocaine pursuant to the Warrant, the failure to record it on the inventory log violates Minnesota state law and the terms of the warrant itself.[1]

Minn. Stat 626.16, DELIVERY OF COPY OF WARRANT AND RECEIPT, states the following:

> When the officer conducts the search the officer must give a copy of the warrant and, when property or things are taken, a receipt therefor (specifying it in detail) to the person in whose possession the premises

---

[1] The failure to record also violates Federal law.  See Rule 41(f) of the Federal Rules of Criminal Procedure, which, like the State statutes discussed below, speaks of a verified inventory, the provision of a receipt to the person searched, and the return of the warrant and the inventory to the issuing magistrate.

2

> or the property or things taken were found; or, in the
> absence of any person, the officer must leave such a
> copy of the warrant and receipt in the place where the
> property or things were found.  Such delivery of a
> copy of the warrant shall constitute service.

Clearly, the absence of any reference to a multi-kilogram

seizure is not the specification of detail that this

statute had in mind.

The police violated a second statute.  Minn. Stat.

626.17, RETURN AND INVENTORY, states the following:

> The officer must immediately return the warrant to the
> court and deliver to it a written inventory of the property
> or things taken, verified by the certificate of the officer
> at the foot of the inventory.

This description fits Exhibit 1, which contains (1) a

verification of the officer at the foot of page 146, (2)

the warrant and application, and (3) the incomplete

inventory, namely the failure to record a multi-kilo

seizure of cocaine.

Finally, Mr. Edwards asserts that the terms of the

Warrant itself were violated, namely by Johnson's sworn

assertions of a complete inventory without recording the

alleged seizure of four kilograms of cocaine.

II.

ARGUMENT

1.

Out of Time

Mr. Edwards recognizes that his motion may be considered out of time, but asserts that he did not know about the Minnesota search warrant statutory scheme until recently.  Further, the extent of the non-disclosure is breathtaking, namely that the police are more vigilant about recording the seizure of pills than they are about the seizure of four (4) kilos of cocaine.  See Exhibit 1, page 162.  Mr. Edwards contends that there is good cause for the motion.

2.

A Technical Defect

Mr. Edwards expects the Government to say "so what!" There is no stated remedy in the statutes and the general refrain from the courts is that a minor technical defect should not be severely sanctioned.  See *State v. Mollberg*, 246 N.W. 2d 463, 469 (1976), where the Minnesota Supreme Court, discussing *Cady v. Dombrowski*, 413 U.S. 433 (1973), stated that "(t)he implication in the court's ruling is that relatively minor irregularities in the execution of a search warrant which occur after a valid search and seizure

4

are not 'constitutionally significant' and will not
retroactively render the evidence seized inadmissible."
Further, following Federal authority, the *Mollberg* court
ruled there must be some demonstration of prejudice.  *Id.*
at 470.

3.

Prejudice

As noted above, four kilos of cocaine dwarf a bottle
of pills, and one would expect that a police officer would
handle large amounts of cocaine with more care.
Consequently, Mr. Edwards asserts that the failure to
record such a large amount of drug evidence is not a
technical violation at all, that no prejudice must be
shown, and that suppression is an appropriate remedy.[2]

Second, the large amount of cocaine, which does not
exist in the State's search warrant paperwork, arguably
affected his pretrial release, consigning him to months at
the Sherburne County Jail.

---

[2] This argument is even more compelling since the police
actions broke the chain of custody, which may provide
another possible avenue for this Court to suppress the four
kilograms.

4.

## Suppression of Cocaine

Therefore, for the reasons above, Mr. Edwards respectfully asks that the four kilograms of cocaine be suppressed and not used in any fashion in the trial of this case.

Dated:     September 21, 2022

> s/ Douglas B. Altman
> Attorney for Defendant
> 6701 West 23rd Street
> Minneapolis, MN  55426
> (612) 335-3700
> Attorney Reg. No. 13854X

STATE OF MINNESOTA, COUNTY OF Olmsted                          DISTRICT COURT

## RECEIPT, INVENTORY AND RETURN

I, Inv. Joel Johnson                          , received the attached search warrant issued by the
Honorable Judge Allen                    , on 10/15/2021   , and have executed it as follows:

Pursuant to the warrant, on 10/16/2021   , at 08:00     o'clock am ▼ I searched the following
described in the search warrant.

☑ Premises  ☐ Motor Vehicle  ☑ Person  ☐ Device

I have left a true and correct copy of the search warrant (with) (in) (at)
 Christopher Allen Edwards 10/04/1983, Chloe Michelle Johnosn 06/12/1997, 202 3rd ST SE;
Stewartville, MN 55976, 2015 41st ST NW H-29 Rochester, MN 55901

I took into custody the property and things listed below: (attach and identify additional sheets if necessary)
See the attached OCSO Evidence/Inventory Logs

Check the appropriate:
☑ I left a receipt for the property and things listed
  above with a copy of the warrant.
☐ None of the items set forth in the search warrant
  was found.
☑ I shall retain or deliver custody of said
  property as directed by court order.

"I declare under penalty of perjury that
everything I have stated in this document is
true and correct." Minn. Stat. 358.116.
_Joel Johnson_                 Date: 10/18/2021
(Signature)
County: Olmsted              State: Minnesota

COPIES TO:  • COURT     • PROS. ATTORNEY     • PEACE OFFICER     • PREMISES/MOTOR VEHICLE/PERSON

EXHIBIT
Defendant
1
21-CR-255

v2.00 10/10/2018

00000146

Application Page 1 - 10

STATE OF MINNESOTA, COUNTY OF OLMSTED                    DISTRICT COURT

## APPLICATION FOR SEARCH WARRANT

I, Joel Johnson, a licensed peace officer in the State of Minnesota, make an application to this Court for a warrant to search the premises, person(s), and motor vehicle(s) described below, for the property and thing(s) described below.

I know the content of this application and affirm that the statements contained in this application are true based on my own knowledge, or are believed to be true.

I believe that the following described property and thing(s), namely:

1. Controlled substances, including but not limited to heroin, methamphetamine, and cocaine.
2. Paraphernalia for packaging, weighing, and distributing heroin, methamphetamine, cocaine, and/or other controlled substances.
3. Books, records, receipts, airline tickets, notes, ledgers, and other papers relating to the transportation, ordering, purchasing and distribution of heroin and/or other controlled substances.
4. Address and/or telephone books, papers and other items reflecting names, addresses and telephone numbers.
5. Books, records, receipts, bank statements, money drafts, letters of credit, money orders and cashier's check receipts, passbooks, documents indicating locations of safe deposit boxes and other items evidencing the obtaining, secreting, transfer and/or expenditures of monies.
6. United States currency, precious metals, jewelry, financial instruments including stocks and bonds, and other valuables purchased with the fruits of the proceeds of controlled substance transactions, which your affiant has reason to believe are subject to forfeiture.
7. Indicia of occupancy, residency or payments of utilities and rent.
8. Photographs, including still photos, negatives, video tapes, films, undeveloped film and the contents therein, in particular photographs of co-conspirators, assets and/or controlled substances.
9. Digital pagers and cellular phones.
10. Keys to safes, safe deposit boxes, and rental storage lockers.
11. Electronic equipment such as computer, fax machine, etc. used to transfer, record or store information related to the possession or sale of controlled substances.
12. Firearms and ammunition, and any records or receipts pertaining to firearms and ammunition.

Version 1.0

00000147

Application Page 2 - 10

is or are at the premises, on the person(s), and in the motor vehicle(s) described as:

**Christopher Allen Edwards, Date of Birth 10/04/1983**
**Chloe Michelle Johnson, Date of Birth 06/12/1997**
**202 3rd ST SE Stewartville, MN 55976 (to include any and all outbuildings and vehicles**
**located on the property)**
**2015 41st ST NW #H-29 Rochester, MN 55901**
**Grey Audi Q5 Bearing MN LIC GRA399 VIN: WA1L2AFP6GA097527**
**Black Jeep Compass Bearing MN LIC GWA791 VIN:3C4NJDCB1MT590077**

located in County of Olmsted, State of Minnesota.

I apply for a search warrant on the following grounds:

- The property or things above-described was used as means of committing a crime.

- The possession of the property or things above-described constitutes a crime.

- The property or things above-described is in the possession of a person with intent to use such property as a means of committing a crime, or the property or things so intended to be used are in the possession of another to whom they have been delivered for the purpose of concealing them or preventing their being discovered.

- The property or things above-described constitutes evidence which tends to show a crime has been committed, or tends to show that a particular person has committed a crime.

The facts establishing the grounds for issuance of a search warrant are as follows:

Your affiant is employed by the Olmsted County Sheriff's Office and a licensed peace officer with the state of Minnesota. Your affiant has worked for the Olmsted County Sheriff's Office from September 8, 2015 to date. Your affiant was assigned to the Patrol Division from September 2015 to December 2018. In December of 2018 your affiant was assigned to the Southeast Minnesota Violent Crime Enforcement Team (SEMVCET) as an investigator. In September of 2020 your affiant was Deputized by the Drug Enforcement Administration (DEA) ask a Task Force Officer (TFO). Prior to working for the Olmsted County Sheriff's Office, your affiant worked for the Rushford Police Department from February 2011- August 2012 and also worked for the Fillmore County Sheriff's Office from May 2011- September 2015. In each of these positions your affiant has been involved in various search warrants including search warrants for controlled substances. Your affiant has received ongoing training in narcotics investigation; such as, Video Techniques for Drug and Border Investigations, Clandestine Laboratory Safety Certification, Clandestine Laboratory Site Safety Officer, Basic Narcotics through the MN BCA, and Two-Week Basic Narcotics through MCTC.

In December of 2020 your affiant along with Det. Wagner of the OCSO and also a member of

Version 1.0

00000148

Application Page 3 - 10

the SEMVCET received information that Christopher Allen Edwards DOB: 10/04/1983 is associated in the use and sale of heroin and methamphetamine. Your affiant is familiar with Christopher Edwards from previous narcotics tips starting in 2019.

In January of 2021, your affiant learned that a Confidential Reliable Informant (CRI) advised Det. Wagner s/he knew a male by the name of "Pablo" that is supplying a lower level drug dealer in Rochester, MN. The CRI sent Det. Wagner photographs of "Pablo". Det. Wagner recognized "Pablo" as having a likeness to Christopher Edwards. Det. Wagner sent the CRI Christopher Edwards' most recent booking photograph. The CRI confirmed that "Pablo" and Christopher Edwards are in fact the same person. The CRI also advised Det. Wagner that Christopher Edwards has been driving a reddish 4-door car to deliver controlled substances.

Through previous information learned your affiant knew Christopher Edwards to be associated with 202 3rd ST SE Stewartville, MN 55976. Your affiant traveled past the address on several occasions and observed a reddish Dodge Charger bearing MN LIC 680WPM there.

Since receiving information that Christopher Edwards sells narcotics, Edwards' vehicle 680WPM has been associated with multiple narcotics related law enforcement calls, including the following:

- 20-17423 – report of suspicious activity, contacted by law enforcement, male from another associated vehicle immediately put a backpack away before talking to police. Answers to Officer's questions did not add up, but nothing further.
- 20-37238 – Report of suspicious activity including short term traffic at a residence.
- 20-900416 – Traffic stop, Edwards was arrested for controlled substance possession, large amount of US Currency and a scale was also located during the vehicle search.
- 21-1899 – Traffic stop, vehicle search conducted, and small amount of marijuana located along with approximately $2,700 in US Currency (All 20 dollar bills, which your affiant knows is consistent with the sales of controlled substances).

In February of 2021, Det. Wagner applied for and was granted a search warrant to apply a mobile tracking device on MN LIC 680WPM. Shortly after receiving the signed search warrant your affiant and Det. Wagner learned Christopher Edwards was living at random locations and staying in different hotels. As a result, 680WPM was never located and the mobile tracking warrant was not executed.

Since the expiration of the mobile tracking warrant Det. Wagner continued to receive information from two separate sources that Christopher Edwards is still selling controlled substances. One tipster indicated that Christopher Edwards meets customers at various locations and that he is now driving a dark gray Audi SUV.

In late June of 2021 Det. Wagner and your affiant met with a CRI who provided information

Version 1.0

Application Page 4 - 10

that Christopher Edwards is staying at a hotel in southwest Rochester. The CRI advised that also staying with Christopher Edwards is Chloe Michelle Johnson 06/12/1997. The CRI indicated that if we are able to find Chloe Johnson, we will likely find Christopher Edwards.

Based on the aforementioned information your affiant traveled to the hotel in southwest Rochester and conducted surveillance. While doing so your affiant observed Christopher Edwards driving a dark gray Audi SUV bearing MN LIC GRA399. Your affiant processed MN LIC GRA399 through the Department of Vehicle Services (DVS) and observed it to be a 2016 Audi Q5, gray in color, registered to Andrea Lynn Wilson 12/30/1983 and Christopher Edwards at 202 3rd ST SE Stewartville, MN 55976. After observing the vehicle at the hotel your affiant was not able to locate it again.

In August of 2021 your affiant met with an inmate in the Olmsted County Adult Detention Center (ADC). The inmate advised Christopher Edwards is continuing to sell large quantities of heroin, methamphetamine, and cocaine. The inmate stated that Christopher Edwards is still driving a grey Audi SUV and living at The Gates of Rochester (2015 41st ST NW; Rochester, MN) with a female accomplice. Based on this information your affiant believed Christopher Edwards was still driving the same gray Audi Q5 bearing MN LIC GRA399.

Based on the aforementioned information Inv. Waletzki of the OCSO and also a member of the SEMVCET contacted Rochester Public Utilities (RPU) to inquire into utility services for Christopher Edwards and/or Chloe Johnson. Inv. Waletzki learned that Chloe Johnson had just began services at 2015 41st ST NW #H29 Rochester, MN 55901 (hereafter referred to as The Gates) at the beginning of July. This coincides with the last time I observed MN LIC GRA399 at the hotel in southwest Rochester. With this information your affiant traveled to the area of The Gates several times over the next week trying to locate GRA399. On 08/25/2021 your affiant observed Chloe Johnson outside of the H25-32 building with a dog on a leash. On 08/26/2021 your affiant observed MN LIC GRA399 parked outside of the H25-32 building. Shortly after pulling into the parking lot your affiant observed Christopher Edwards exit the H25-32 building and get into the driver seat of MN LIC GRA399.

On 08/26/2021 your affiant received a signed search warrant for a mobile tracking device on MN LIC GRA399. Unable to locate MN LIC GRA399 at The Gates your affiant along with Det. Wagner traveled to 202 3rd ST SE Stewartville, MN 55976 to try and locate the vehicle. 202 3rd ST SE is the address listed on Christopher Edwards MN Driver's License along with the registration of MN LIC GRA399. 202 3rd ST SE is also a listed address through in-house files for Christopher Edwards and a previously known address for him. The vehicle was located at the address and a mobile tracking device was installed.

Since placing the mobile tracking device on GRA399 your affiant has observed the following information of note. The vehicle is almost always in motion from the hours of approximately 1400-0200. These travels consist of numerous stops throughout the day/night, many of

Version 1.0

Application Page 5 - 10

which are short in duration.  Your affiant knows through training end experience that this amount of travel along with short term stops throughout the travel is consistent with controlled substance dealing.  Your affiant also notes that several of these stops appear to be in public places which your affiant knows is consistent with controlled substance dealing.

While reviewing the stops your affiant noted that MN LIC GRA399 routinely ends its night at 202 3rd ST SE in Stewartville.  The vehicle remains at the address until approximately 1400 hours on most days before traveling back to Rochester.  Once in Rochester your affiant observes the vehicle almost always travels directly to The Gates.  Your affiant also notes that throughout the vehicles travels between the hours of 1400 and 0200 the vehicle routinely stops back at The Gates sometimes for extended periods and sometimes for very short periods of time. Your affiant believes these continued stops at The Gates are to obtain controlled substances.  Through training and experience your affiant knows it is common for dealers of controlled substances not to have their entire supply on them in the event they are stopped and or arrested.  Your affiant has also learned throughout the investigation that Christopher Edwards keeps his controlled substances at different locations as a way to hide it and/or distance himself from it.

Along with these routine trips around Rochester your affiant has observed the vehicle to have three other routine trips of note.  These trip locations consist of Albert Lea, MN, Lake City, MN, and Rushford, MN. The details of the trips are as follows:

- 08/30/2021: Lake City stopping in the 600 Blk of S Oak ST for approximately 20 minutes
- 08/31/2021: Albert Lea stopping in the 2100 Blk of Grand Ave for approximately 9 minutes
- 09/01/2021: Lake City stopping in the 600 Blk of S Oak ST for approximately 3 minutes
- 09/01/2021: Rushford stopping at Shawnee's Bar and Grill for approximately 7 minutes
- 09/03/2021: Lake City stopping in the 600 Blk of S Oak ST for approximately 3 minutes
- 09/03/2021: Albert Lea stopping in the 2100 Blk of Grand Ave for approximately 8 minutes and near 130 W College ST (Argon Bar) for approximately and hour and 4 minutes.
- 09/11/2021: Rushford stopping at Shawnee's Barr and Grill for approximately 2 minutes
- 09/11/2021: Lake City stopping in the 600 BLK of S Oak ST for approximately 7 minutes
- 09/11/2021: Albert Lea stopping near the Argon Bar for approximately 35 minutes
- 09/13/2021: Albert Lea stopping near the Argon Bar for approximately 45 minutes.

Your affiant noted that during most of these trips to outlying cities the stops are very short in duration and that they are the usually only stops being made.  Through your affiants training and experience, the extended miles GRA399 is traveling with such short turnaround times, the trips are likely controlled substance deliveries and/or pickups of larger quantities. Your affiant also notes that GRA399 routinely stops at The Gates before leaving for these

Version 1.0

00000151

Application Page 6 - 10

trips or after returning from the trips further indicating Christopher Edwards may be storing controlled substances and or proceeds from controlled substance sales at the residence of Chloe Johnson.

In mid-September your affiant met with a CRI and spoke about Christopher Edwards. The CRI confirmed that Christopher Edwards is continuing to sell controlled substances and further confirmed that his female accomplice is Chloe Johnson. The CRI indicated that they reside at The Gates in the building near the pool and that Chloe Johnson had been driving a rental car.

Based on this information your affiant reviewed the mobile tracking device and observed MN LIC GRA399 to have traveled to the Rochester International Airport on 09/07/2021, 09/08/2021, and 09/15/2021. On 09/08/2021 at approximately 2313 hours your affiant had observed MN LIC GRA399 park at the gates. The vehicle remained parked there until approximately 1020 hours on 09/11/2021. Based on this information your affiant believed Christopher Edwards rented a vehicle while at the airport and tripped in the vehicle to a source state to obtain controlled substances. Through training and experience your affiant knows that traffickers of controlled substances often times rent cars to distance themselves and avoid detection by Law Enforcement during their travels.

On 09/15/2021 your affiant observed MN LIC GRA399 was northbound out of Rochester towards Lake City. Your affiant contacted Inv. M. Kleese of the Lake City Police Department and also a member of the SEMVCET and requested he conduct surveillance in the 600 Blk of S. Oak ST. Inv. Kleese took up a position of surveillance in the area and observed MN LIC GRA399 pull into the driveway of 609 S Oak ST. The vehicle remained there for approximately 21 minutes. Inv. Kleese then observed a black male matching Christopher Edwards description exit to MN LIC GRA399 and leave the area. MN LIC GRA399 then travels back to Rochester directly to The Gates where it stopped for a short time before continuing to trip around Rochester.

In mid-September your affiant arranged to conduct a controlled buy from Chloe Johnson using a CRI. Investigators with the SEMVCET assisted with the controlled buy. The CRI contacted Chloe Johnson and requested to purchase a felony level amount of narcotics. The CRI arranged to buy the narcotics from Chloe Johnson near her residence (The Gates). Prior to the controlled buy your affiant met with the CRI at a predetermined meet location. Your affiant provided the CRI with prerecorded buy money and outfitted him/her with an audio/video transmitter so investigators could monitor the controlled buy. From the predetermined meet location, the CRI traveled to meet with Chloe Johnson. Surveillance officers maintained a visual of the CRI until s/he met with Chloe Johnson. While with Chloe Johnson surveillance officers observed a hand to hand transaction. After a brief interaction with Chloe Johnson the CRI traveled back to the predetermined meet location and turned over the narcotics to your affiant. Your affiant took a brief statement from the CRI

Version 1.0

confirming the female s/he met with was in fact Chloe Johnson. Your affiant transported the narcotics back to the Law Enforcement Center (LEC) and field tested them, receiving a presumptive positive test result.

On 09/17/2021 your affiant subpoenaed Avis/Budget for rental records associated with Christopher Edwards. The results indicated that Christopher Edwards in fact rented a vehicle on 09/08/2021, returning it on 09/15/2021. The vehicle was rented from the Rochester International Airport location and returned to the same location with the total miles put on being 4,012 miles. The number of miles put on the vehicle over the short period of time is consistent with a cross country trip to obtain controlled substances.

On 09/23/2021 your affiant observed MN LIC GRA399 park at 202 3rd ST SE. The vehicle remained at the address without moving until 09/27/2021. At approximately 2300 hours on 09/27/2021 the vehicle began moving again, traveling straight to The Gates. The vehicle remained at The Gates for approximately 8 minutes. The vehicle then traveled to Bob's Trailer Park stopping for approximately 2 minutes before traveling back to Stewartville stopping for the night at 202 3rd ST SE in Stewartville.

On 09/29/2021 your affiant learned that Inv. Klees with the Lake City Police Department had conducted a trash pull at 609 S Oak ST in Lake City. Inv. Klees advised that based on the findings in the trash he was able to draft a narcotics search warrant for 609 S Oak St, which was signed by a judge.

On 09/30/2021 your affiant assisted with the execution of a knock and announce narcotics search warrant at 609 S Oak ST in Lake City. As a result of the search warrant investigators located approximately 40 grams of field tested presumptive positive methamphetamine. The occupants Daphne DJ Schick 01/18/1971 and James Edward Morrill 02/08/1967 were both arrested and charged with controlled substance related charges. After the arrest Inv. Klees advised your affiant the arrestees admitted to purchasing an ounce of methamphetamine from a mixed race male from Rochester the night before for $600.00. Your affiant knew Christopher Edward's vehicle to have traveled to Lake City to the 600 BLK of S Oak St the night before confirming your affiant's belief he is bringing a larger quantity of narcotics to the location.

On 10/01/2021 your affiant learned that Inv. Smith with the Houston County Sheriff's Office (HCSO) and also a member of the SEMVCET was going to be executing a narcotics search warrant at the residence of Sasha Marie Erdner 12/01/1986. Sasha Erdner works at Shawnee's Bar and Grill in Rushford, MN and is believed to be the reason Christopher Edwards has traveled there in the past.

After the search warrant Inv. Smith advised your affiant, they located approximately 3.5 grams of methamphetamine and subsequently arrested Sasha Erdner who also admitted to daily use of heroin. Inv. Smith advised your affiant that while speaking with Sasha Erdner

00000153

Application Page 8 - 10

she admitted to having purchased ounces of methamphetamine from Christopher Edwards in the past at $500.00 an ounce. This further confirms your affiant's belief Christopher Edwards was traveling to Rushford to deliver a larger quantity of narcotics.

Within the past 48 hours your affiant was in contact with Avis/Budget. Your affiant learned that Christopher Edwards had arranged to pick up a rental car from Avis/Budget. Your affiant learned the vehicle Christopher Edwards reserved is a 2021 Black Jeep Compass bearing MN LIC GWA791 . Based on your affiants investigation into Christopher Edwards and knowledge that he frequently rents vehicles your affiant believes this vehicle is being rented for the purposes of traveling to obtain controlled substances.

On 10/13/2021 Det. Wagner received a signed search warrant from the Honorable Judge Wallace for a mobile tracking warrant on MN LIC GWA791. With the signed search warrant Det. Wagner placed a mobile tracking device on MN LIC GWA791.

After placing the tracking device Det. Wagner took up a position of surveillance in the area of Avis/Budget. At approximately 1515 hours Det. Wagner observed Christopher Edwards arrive to pick up MN LIC GWA791. Also with Christopher Edwards was a female confirmed by Det. Wagner to be Chloe Johnson. Det. Wagner advised he observed Christopher Edwards leave in MN LIC GWA791 and Chloe Johnson leave the lot in Christopher Edwards vehicle, MN LIC GRA399.

On 10/14/2021 your affiant reviewed the mobile tracking information for both vehicles. In doing so your affiant observed the MN LIC GWA791 travel around Rochester for much of the night eventually stopping for the night at The Gates. Your affiant also observed MN LIC GRA399 traveling around Rochester throughout the night eventually ending the night at 202 3rd ST SE in Stewartville.

On 10/14/2021 at approximately 1059 hours your affiant observed MN LIC GRA399 begin traveling north towards Rochester from Stewartville. Your affiant observed the vehicle travel straight to The Gates and park. At 1126 hours your affiant observed MN LIC GWA791 begin traveling south on HWY 52. Your affiant continued to monitor the movements of the vehicle and as of 1243 hours the vehicle is southbound on I-35 in Iowa. Based on this information your affiant believes Christopher Edwards and Chloe Johnson are likely traveling together to obtain controlled substances from a source location.

Based on training and experience, your affiant knows the following: Often times drug sellers and users will have other kinds of controlled substances at their home dependent on what is available in the area. Drug sellers will often keep notes and information on customers either in written form or stored electronically on a variety of electronic storage devices (i.e.: PDA's, computers, cell phones, caller ID's, etc.). Drug sellers typically deal in cash. Your affiant would ask to be allowed to search for documents or papers that show evidence of obtaining, secreting, transfer or expenditure of monies. Your affiant has found that people involved in

Version 1.0

Application Page 9 - 10

the illegal drug trade will often take photographs or video of themselves (and conspirators) and/or large amounts of cash or the controlled substances. Drug sellers are often found to be in possession of weapons to protect themselves from other people involved in the drug trade or the police. Often drugs or money will be stored away from a residence at a location such as a rental storage business or safe deposit box. Because of the above your affiant asks that he be allowed to search for the items listed on the attached list.


**(End of Page)**


Version 1.0

Application Page 10 - 10

A nighttime search outside the hours of 7 a.m. to 8 p.m. is necessary to prevent the loss, destruction or removal of the objects of the search or to protect the searchers or the public because it is believed that Christopher Edwards and Chloe Johnson are currently in route to obtain controlled substances form a source state. Through training and experience your affiant knows traffickers of controlled substances often times will return under the cover of darkness outside the standard warrant hours of 7 a.m. to 8 p.m. As a result your affiant requests the courts permission to execute the search warrant outside the standard hours.

I request a search warrant be issued, commanding Joel Johnson, a peace officer of the State of Minnesota, and any other authorized person, to enter and search between the hours of 7 a.m. and 8 p.m., and a nighttime search outside those hours, to search the above described premises, person(s), and motor vehicle(s) for the described property and thing(s), and to seize and keep said property and thing(s) in custody until dealt with according to law, including authorization to have the seized property and thing(s) to be analyzed by a forensic laboratory.

**I declare under penalty of perjury that everything stated in this document is true and correct.**

Applicant: <u>Joel Johnson</u>
Olmsted County Sheriff
Electronically Signed
10/15/2021 8:41 AM
Olmsted County, Minnesota

Version 1.0

Search Warrant Page 1 - 3

STATE OF MINNESOTA, COUNTY OF OLMSTED                    DISTRICT COURT

## SEARCH WARRANT

TO: JOEL JOHNSON, A PEACE OFFICER OF THE STATE OF MINNESOTA.

WHEREAS, Joel Johnson has this day on oath made an application to this Court for a warrant to search the following described premises, person(s), and motor vehicle(s) :

**Christopher Allen Edwards, Date of Birth 10/04/1983**
**Chloe Michelle Johnson, Date of Birth 06/12/1997**
**202 3rd ST SE Stewartville, MN 55976 (to include any and all outbuildings and vehicles located on the property)**
**2015 41st ST NW #H-29 Rochester, MN 55901**
**Grey Audi Q5 Bearing MN LIC GRA399 VIN: WA1L2AFP6GA097527**
**Black Jeep Compass Bearing MN LIC GWA791 VIN:3C4NJDCB1MT590077**

located in State of Minnesota for the following described property and thing(s):

1. Controlled substances, including but not limited to heroin, methamphetamine, and cocaine.
2. Paraphernalia for packaging, weighing, and distributing heroin, methamphetamine, cocaine, and/or other controlled substances.
3. Books, records, receipts, airline tickets, notes, ledgers, and other papers relating to the transportation, ordering, purchasing and distribution of heroin and/or other controlled substances.
4. Address and/or telephone books, papers and other items reflecting names, addresses and telephone numbers.
5. Books, records, receipts, bank statements, money drafts, letters of credit, money orders and cashier's check receipts, passbooks, documents indicating locations of safe deposit boxes and other items evidencing the obtaining, secreting, transfer and/or expenditures of monies.
6. United States currency, precious metals, jewelry, financial instruments including stocks and bonds, and other valuables purchased with the fruits of the proceeds of controlled substance transactions, which your affiant has reason to believe are subject to forfeiture.
7. Indicia of occupancy, residency or payments of utilities and rent.
8. Photographs, including still photos, negatives, video tapes, films, undeveloped film and the contents therein, in particular photographs of co-conspirators, assets and/or controlled substances.

Version 1.0

00000157

Search Warrant Page 2 - 3

9. **Digital pagers and cellular phones.**
10. **Keys to safes, safe deposit boxes, and rental storage lockers.**
11. **Electronic equipment such as computer, fax machine, etc. used to transfer, record or store information related to the possession or sale of controlled substances.**
12. **Firearms and ammunition, and any records or receipts pertaining to firearms and ammunition.**

WHEREAS, the application of Joel Johnson was duly presented and read by the Court, and being fully advised in the premises.

NOW, THEREFORE, the Court finds that probable cause exists for the issuance of a search warrant upon the following ground(s):

- The property or things above-described was used as means of committing a crime.

- The possession of the property or things above-described constitutes a crime.

- The property or things above-described is in the possession of a person with intent to use such property as a means of committing a crime, or the property or things so intended to be used are in the possession of another to whom they have been delivered for the purpose of concealing them or preventing their being discovered.

- The property or things above-described constitutes evidence which tends to show a crime has been committed, or tends to show that a particular person has committed a crime.

The court further finds that probable cause exists to believe that the above-described property and thing(s) is or are at the above-described premises, in the above-described motor vehicle(s), and on the person of Christopher Allen Edwards, Date of Birth 10/04/1983.

**(End of Page)**

Version 1.0

00000158

Search Warrant Page 3 - 3

The court further finds that a nighttime search outside the hours of 7 a.m. to 8 p.m. is necessary to prevent the loss, destruction, removal of the objects of said search, or to protect the safety of the searchers or the public.

NOW, THEREFORE, you Joel Johnson, peace officer of the State of Minnesota, and any other authorized person, are hereby commanded to enter and search  between the hours of 7 a.m. and 8 p.m., and a nighttime search outside those hours, to search the above-described premises, person(s), and motor vehicle(s), for the described property and thing(s), and to seize and keep said property and thing(s) in custody until dealt with according to law, including authorization to have the seized property and thing(s) analyzed by a forensic laboratory.

BY THE COURT

ISSUED ON: 15 October, 2021

Judicial Officer: Jacob C Allen
                 Judge of District Court
                 Electronically Signed
                 10/15/2021 8:47 AM

Version 1.0

00000159

# OCSO Evidence/Inventory

ICR # 21-904331          Date 10-16-21          Page 1 of 1

| Item No. | Description of Evidence | Specific Area Where Obtained | By Whom Found |
|---|---|---|---|
| 1 | U.S. Currency | Pink Mk Purse | Prink |
| 2. | Unidentified Pills | " " | " " |
| 3. | Food Saver Heat Sealer | " " | " " |
| 4. | Wal-Mart Receipt | Back Intels Plastic Bag | Johnsen |
| 5. | Black TLC Phone | Front Pass Door | Waletzki |
| 6. | Rental Agreement | Center Console | Waletzki |
| 7. | Misc Keys | Center Console | Waletzki |
| 8. | Motorola Trac Phone | On Johnsen | Johnsen |
| 9. | Gold trimmed IPhone | On Edwards | Johnsen |
| 10. | US Currency | On Edwards | Johnsen |
| 11. | Cash App Card | On Edwards | Johnsen |

00000160

# OCSO Evidence/Inventory

ICR # 21-904.331          Date 10/16/2021          Page 1 of

| Item No. | Description of Evidence | Specific Area Where Obtained | By Whom Found |
|---|---|---|---|
| 1 | Money Counter | Upstairs NE Bedroom | Grabay |
| 2 | U.S Currency | Safe in upstairs NE Bedroom | Grabay |
| 3 | Jewelry | Upstairs NE Bedroom | Grabay |

00000161

## OCSO Evidence/Inventory

ICR # 21- 904331      Date 10/16/2021      Page 1

| Item No. | Description of Evidence | Specific Area Where Obtained | By Whom Found |
|---|---|---|---|
| 1 | Suspected Shrooms | Nightstand besid Couch | B Moe |
| 2 | Purple Wallet w/ meth & pills | Night stand Bedroom | Waletzki |
| 3 | Digital Scale next to purse (working) | " " | " |
| 4 | Alcohol Container w/ cash | under nightstand Bedroom | " |
| 5 | Black Back pack w/ packaging scale crown vic | Closet in bedroom | " |
| 6 | Suspected Fentanyl | Utility Closet | Matz |
| 7 | Suspected cocaine | " | Matz |
| 8 | Para | Throughout | Waletzki |

AMW
1016

AMW
1016

AMW
1016

AMW
1016