UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-255 (NEB/ECW)

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

CHRISTOPHER ALLEN EDWARDS,

                Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO RE-OPEN SUPPRESSION HEARING**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Assistant United States Attorney Nathan H. Nelson and Special Assistant United States Attorney Hillary A. Taylor, respectfully submits the following response in opposition to Defendant Christopher Allen Edwards' motion for leave to reopen the suppression hearing relating to the seizure of four kilograms of cocaine (ECF 97.)

## **BACKGROUND**

On November 23, 2021, a grand jury returned a two-count Indictment, charging Edwards with conspiracy to distribute controlled substances and possession with intent to distribute one kilogram or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (ECF 1.) Following the Indictment, this Court issued scheduling orders requiring that "[a]ll motions in the . . . case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before February 23, 2022." (ECF 29 ¶ 2.)

On February 16, 2022, Edwards filed his pretrial motions, including motions to suppress certain evidence against him obtained via five separate warrants. (*See* ECF 38-39.) Edwards' motions to suppress were premised on the argument that the warrant applications did not support a finding of probable cause. (*Id.*) Notably, at that time Edwards challenged the very search warrant at issue in his present motion—an October 15, 2021 search warrant authorizing the search of the defendants' persons, the defendants' residences, and a Jeep Compass rented by Edwards. (*See* ECF 39; ECF 39-5.) Law enforcement tracked Edwards' rental car pursuant to a separate search warrant, and the data indicated Edwards and the co-defendant drove to Austin, Texas on October 14, 2021, and back to Minnesota on October 15, 2021, in a short turn-around trip. Law enforcement conducted a traffic stop on Edwards' car after it crossed back into Minnesota on October 15, 2021. Law enforcement searched the vehicle pursuant to the October 15th warrant and found a black backpack with four kilograms of cocaine in the rear hatch of the vehicle. (*See* ECF 49 p. 2.)

On April 8, 2022, while the magistrate judge was considering Edwards' motion to suppress, he filed an untimely motion for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) related to the same five warrants, arguing that the warrant applications contained deliberate, material omissions by law enforcement. (ECF 51-52.)

On June 21, 2022, the magistrate judge issued a Report & Recommendation recommending that Edwards' motions to suppress be denied and an Order denying Edwards' motion for a *Franks* hearing. (ECF 64-65.) Edwards objected, but on August 18,

2022, this Court issued an Order accepting the Report and Recommendation and denying his motions to suppress. (ECF 68, 84.) Trial is set to begin October 24, 2022.

Seven months after the deadline to file pretrial motions, on September 21, 2022, Edwards filed a "Motion for Leave to Re-Open" the suppression hearing with respect to the four kilograms of cocaine seized from Edwards' rental car. (ECF 97.) Edwards argues that suppression is appropriate because the inventory of evidence attached to the search warrant return failed to reference the seizure of the cocaine from the vehicle. Edwards further argues that this is a violation of state law (Minn. Stat. §§ 626.16 and 626.17 related to search warrant related to receipts, returns, and inventories) and federal law (Federal Rule of Criminal Procedure 41(f)), and requires suppression of the four kilograms of cocaine.

## **ARGUMENT**

Edwards' motion to suppress evidence suffers from two fatal flaws—it is untimely and unsupported by law. Edwards files his pretrial motion to suppress evidence more than half a year after the motions' deadline, and simply states that good cause exists for the delay because he lacked legal knowledge of a statutory scheme that provides no basis for suppression. Edwards does not contest that probable cause existed to conduct the searches, or that the October 15, 2021 search warrant was validly issued by a Minnesota state court. Instead, Edwards argues that law enforcement committed a technical violation after executing the warrants. Specifically, Edwards alleges that law enforcement failed to list the four kilograms of cocaine seized from the rental car on October 15, 2021 on its inventory sheet included with the search warrant return. On this basis alone, Edwards

argues that the cocaine taken during the search should be suppressed. The Court should deny Edwards' motion to reopen the suppression hearing.

## I.    Defendant's Suppression Challenge is Untimely, and He Fails to Demonstrate Good Cause for Failing to Raise the Issue Previously.

Motions to suppress evidence "must be made before trial . . . if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(C). Courts may set a deadline for the parties to make pretrial motions. Fed. R. Crim. P. 12(c)(1). "Prior to trial" means on or before the deadline set by the court under Rule 12(c), taking into consideration any extensions granted by the court. *United States v. Nunez*, 19 F.3d 719, 722 (1st Cir. 1994); *see United States v. Harken*, 641 F. App'x 638, 639-40 (8th Cir. 2016). In this district, parties must file pretrial motions within 21 days after the defendant's arraignment, although this deadline may be amended by court order. D. Minn. Local Rule 12.1(c)(1)(A), (e). If a defendant fails to make a timely pretrial motion, his motion is considered forfeited. *See Harken*, 641 F. App'x at 639-40 (stating Rule 12(b)(3)(C) "applies not only to the failure to make a pretrial motion, but also to the failure to include a particular argument in the motion") (citation omitted).

This Court can consider an untimely suppression argument only if the party shows "good cause." Fed. R. Crim. P. 12(c)(3); *see United States v. Hill*, 8 F.4th 757, 760 (8th Cir. 2021). To show good cause, a party must show both cause and prejudice. *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019) (citing *United States v. Paul*, 885 F.3d 1099, 1104 (8th Cir. 2018)). A district court has discretion to reopen a suppression hearing to consider new evidence or address a new argument. *United States v. Hayden*, 759 F.3d 842,

845 (8th Cir. 2014); *United States v. Chavez Loya*, 528 F.3d 546, 555 (8th Cir. 2008). Where a party seeks to reopen a suppression hearing after the original motion has already been ruled on, a district court does not abuse its discretion in denying a motion to reopen.

There was no good cause here for Edwards' failure to raise his suppression argument in his previous pretrial motions to suppress. The government sent Edwards the search warrant documents at issue in this motion back in December 2021. This Court issued an arraignment order setting "on or before February 23, 2022" as the pretrial motions deadline in accordance with Local Rule 12.1. (*See* ECF 29.) Edwards filed motions in compliance with the arraignment order but, notably, did *not* move to suppress the four kilograms of cocaine he now challenges based on a ministerial error that appeared on the face of search warrant documents that have been in his possession since December 2021. (*See* ECF 38-39.) Edwards has forfeited raising this new suppression argument.

Edwards' attempts to meet the good-cause standard undercut his argument. Edwards "recognizes that his motion may be considered out of time, but asserts that he did not know about the Minnesota search warrant statutory scheme until recently." (ECF 97 at 4.) Edwards provides no authority for the proposition that lack of legal knowledge constitutes good cause for delay. Also, these state statutes are not new developments of law. Even more so, counsel's claim that he did not know about the state search warrant statutory scheme, which appears to touch on almost all of his criminal cases, stretches the bounds of reason.

Edwards also claims that the ministerial error on the inventory sheet also shows good cause (*id.* (contending there is good cause because "the extent of the non-disclosure

5

is breathtaking")), yet this is not the standard. Edwards must show the Court there is good cause for his failure to raise his suppression argument in a timely manner, not that he believes there is good cause to support his suppression motion. Edwards has presented no cause for finding that he should be permitted to file this instant motion late or to be granted relief from his forfeiture of this pretrial suppression argument. Thus, the Court should deny his motion.

## II.   Defendant's Suppression Motion Fails on the Merits Because the Alleged Ministerial Error Is Not a Sufficient Basis to Suppress Evidence.

Turning to the merits, Edwards argues that the four kilograms of cocaine seized from his rental car on October 15, 2021, should be suppressed because the inventory log attached to the search warrant return did not list the cocaine, and the failure to record it on the inventory log violates Minnesota state law, the terms of the warrant, and Federal Rule of Criminal Procedure 41(f). Absent from Edwards' motion is any authority supporting the argument that an omission from a search warrant return requires suppression of the evidence seized during the search. Indeed, Edwards cannot cite any authority because the law is against such a position.

Since federal authorities were not involved in applying for or executing the state search warrant at issue, the Fourth Amendment governs rather than Rule 41.[1] *United States*

---

[1] However, even if Rule 41 applied here, suppression would not be warranted based on these facts. Noncompliance with Rule 41 does not automatically justify suppression of evidence. *United States v. Nyah*, 928 F.3d 694, 700 (8th Cir. 2019). A violation of Rule 41 warrants exclusion only "if a defendant is prejudiced or if reckless disregard of proper procedure is evident." *Id.* (quoting *United States. v. Spencer*, 439 F.3d 905, 913 (8th Cir. 2006)); *United States v. Beckmann*, 786 F.3d 672, 680 (8th Cir. 2015). Edwards cannot show prejudice as he was fully aware of the seized four kilograms of cocaine as evidenced

6

*v. Cote*, 569 F.3d 391, 393 (8th Cir. 2009); *United States v. Hornbeck*, 118 F.3d 615, 617 (8th Cir. 1997). Further, federal law governs the admissibility and suppression of evidence, not state law. *Cote*, 569 F.3d at 393; *Hornbeck*, 118 F.3d at 617. Thus, Edwards' reliance on an alleged violation of Minnesota statutes to suppress the evidence is mistaken.

A ministerial omission on a search warrant return cannot impact the legitimacy of the predicate search warrant and application. Federal courts have routinely held that the failure to list an item on a return or wholesale failure to return the search warrant as required by state law was not a basis for granting a motion to suppress. *See, e.g.*, *United States v. Motz*, 936 F.2d 1021, 1025 (9th Cir. 1991) (holding the failure to list 725 marijuana plants on a search warrant return was not a basis to suppress evidence of the marijuana plants, as the "agents executed a valid search," and the defendants were "not prejudiced by the agents' failure to perform the ministerial requirements" of Rule 41); *United States v. Clark*, 934 F.2d 322 (6th Cir. 1991) (holding that the failure to return the search warrant with an inventory of all items seized as required by state law was not a basis for granting motion to suppress, absent a showing of prejudice); *United States v. Dudek*, 530 F.2d 684, 688-91 (6th Cir. 1976) (holding that even though the inventory was not properly signed and the warrant was not returned until 11 months after the search was performed, the defendant failed to identify any prejudice, thus exclusion of the evidence was not required); *see also,*

---

by his conduct during arrest on October 15, 2021, his interview by law enforcement on October 15, 2021 after his arrest, state charges arising from the seized cocaine, federal charges, and disclosures from the government showing the cocaine documented and photographed. Also, there is no evidence of intentional or deliberate disregard of a procedure by law enforcement here.

*e.g.*, *United States v. Burroughs*, 882 F. Supp. 2d 113, 125 (D.D.C. 2012) (finding no basis for motion to suppress where law enforcement added or altered an inventory attached to search warrant return); *Hornbeck*, 118 F.3d at 617-18 (failing to provide defendant with inventory of property seized was not a constitutional violation, so suppression of evidence was not warranted).

Additionally, an omission on a search warrant return would not be suppressible even under Minnesota law in state court. Edwards only cites two cases in his motion, and both cases indicate that a failure to include an item in a search warrant return is not a basis for suppression absent prejudice. (*See* ECF 97 at 4-5 (citing *Cady v. Dombrowski*, 413 U.S. 433 (1973) (finding the failure to indicate a sock and car floor mat in a search warrant return "constitutionally insignificant," noting the seizures occurred pursuant to a valid warrant and the omission did not retroactively render the evidence inadmissible); *State v. Mollberg*, 246 N.W.2d 463, 469-70 (Minn. 1976) (holding that suppression of the evidence was not an appropriate remedy for "the technical and nonprejudicial irregularities in the execution of the search warrant," where the defendant did not allege that the irregularities resulted in any prejudice to him).)

There is no support for the contention that a technical rule violation rises to the level of a constitutional violation necessitating suppression. Rather, because procedural requirements for search warrant returns under federal and state law are ministerial in nature, a technical failure does not render the search unreasonable under the Fourth Amendment. Here, there was no constitutional violation, no intentional violation, and no prejudice. Edwards has prepared his defense since 2021 with full knowledge that there was

8

four kilograms of cocaine seized from his rental car pursuant to a warrant. Edwards' motion should be denied.

### III.    Exclusion of the Seized Cocaine Evidence Would Not Serve the Purposes of the *Exclusionary Rule*.

Under the present circumstances, where Edwards at most alleges a technical error by state law enforcement after executing search warrants, suppression of evidence would not serve the purposes of the exclusionary rule. As *Leon* and its progeny caution, courts should not exclude evidence, absent constitutional violations, unless the exclusion furthers the purpose of the exclusionary rule. *United States v. Leon*, 468 U.S. 897, 918 (1984); *United States v. Hamilton*, 591 F.3d 1017, 1027 (8th Cir. 2010) ("Indeed, exclusion has always been our last resort, not our first impulse, and [Supreme Court] precedents establish important principles that constrain application of the exclusionary rule.").

Edwards alleges that law enforcement failed to list on the search warrant return the cocaine seized during the search of his rental car on October 15, 2021. In his motion, Edwards does not deny that the warrants were validly issued, and that probable caused existed to search the car. Under similar circumstances, in *United States v. Dudek*, the Sixth Circuit cautioned:

> Here, there is no unlawfully obtained evidence. The evidence was lawfully obtained, and the question is whether the state should be denied the use of such lawfully obtained evidence because of the failure of a police officer to comply with a statutory requirement in connection with the identification and preservation of such lawfully obtained evidence. No reason for imposing such a per se exclusionary rule has been advanced. Most of the cases refuse to do so, and we do likewise.

530 F.2d at 688.

Here, the state court found probable cause here sufficient to issue the underlying search warrant. And this Court previously found there was "sufficient probable cause that evidence of narcotics trafficking would be found [in] . . . the Jeep Compass." (ECF 65 at 36-37; *see also id.* at 43 (*Leon* good faith exception applies too, although not necessary since the Court found the search warrants were supported by probable cause).) Under these circumstances, suppression of otherwise lawfully obtained evidence would only serve to undermine the interests of justice and would not deter the type of unreasonable searches the Fourth Amendment was intended to proscribe.[2]

## CONCLUSION

In sum, Edwards has filed an untimely motion to suppress evidence and failed to show good cause for his untimeliness. He has also failed to identify any legal basis to support suppressing evidence merely for failing to be included on a search warrant return. For all of the reasons set forth above, the Court should deny Edwards' motion.

---

[2] Indeed, given that both the state court and this Court have confirmed that there was probable cause to search the vehicle, officers did not even need a warrant to conduct the search and seize the cocaine. *United States v. Shackleford*, 830 F.3d 751, 753 (8th Cir. 2016) (under the "automobile exception," police officers have independent authority to search an automobile without a warrant if they have probable cause to believe that it contains contraband or evidence of criminal activity"). Because the search of the vehicle and seizure of the cocaine had an independent legal basis even in the absence of a warrant, Edwards is not entitled to suppression of the evidence based solely on failure to comply with technical requirements related to the warrant.

Dated: September 26, 2022

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/ Hillary A. Taylor*

BY:  NATHAN H. NELSON
Assistant United States Attorney
Attorney ID No. 0388713
HILLARY A. TAYLOR
Special Assistant United States Attorney
Attorney ID No 0398557