UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-255 (NEB/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S AMENDED** |
| v. ) | **JURY INSTRUCTIONS AND** |
| ) | **VERDICT FORMS RELATED** |
| CHRISTOPHER ALLEN EDWARDS, ) | **TO SENTENCING** |
| ) | **ENHANCEMENT** |
| Defendant. ) | |

The United States, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, Assistant United States Attorney Nathan H. Nelson, and Special Assistant United States Attorney Hillary Taylor, hereby respectfully submits an amendment to its proposed Jury Instruction No. 39 and accompanying Special Verdict Form #2, which related to the sentencing enhancement filed in this case.

On September 19, 2022, the parties submitted joint proposed jury instructions and verdict forms in the case. (ECF 89-90). Among the instructions was Proposed Jury Instruction No. 39, for use should the defendant be convicted of either Counts 1 or 2. The instruction (and accompanying special verdict form) proposed having the jury answer certain questions regarding the defendant's prior convictions to determine whether those convictions qualify to enhance the defendant's sentence in this case.

Defendant is charged under Title 21, United States Code, Section 841(b)(1)(B). That subsection provides that a person convicted under its provisions "shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years." *Id.* However, if any person commits such a violation "after a prior conviction for a *serious*

*drug felony* or *serious violent felony* has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment." *Id.*

The statute defines a "serious drug felony" as certain drug offenses defined by statute for which "(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57). The statute defines a "serious violent felony" as certain offenses defined by statute "for which the offender served a term of imprisonment of more than 12 months." 21 U.S.C. § 802(58).

Proposed Jury Instruction No. 39 and its accompanying special verdict form—as previously provided to the Court—requested that the jury be asked (1) whether the defendant served more than 12 months on each of the three enumerated offenses, and (2) whether the defendant was released from serving any term of imprisonment for the conviction within 15 years of the commencement of the offenses charged in Counts 1 or Count 2. While this instruction/verdict form would be accurate if the defendant's prior convictions were "serious drug felonies," that is not the case here. The defendant's prior offenses are alleged to be "serious violent felonies" under 21 U.S.C. § 802(58). Such felonies do not require a finding that the defendant was released from prison within 15 years of the commencement of the instant offense. Rather, they only require a finding that the defendant "served a term of imprisonment of more than 12 months." As one court explained:

> although a prior drug conviction that occurred more than fifteen years before the offense conduct cannot qualify as a "serious drug offense," there is no similar time limitation that applies to a conviction that otherwise qualifies as "serious violent felony," even under the First Step Act.

*Clark v. United States*, Crim No. 19-152, 2020 WL 11885464, at *6 (M.D.N.C. Nov. 4, 2020) (unpublished), *report and recommendation adopted* 2021 WL 4823241 (M.D.N.C. Jan. 20, 2021); *see also United States v. Stoglin*, 34 F.4th 415, 418 (5th Cir. 2022) (a "'serious violent felony' is defined in relevant part as "an offense described in section 3559(c)(2) of Title 18 for which the offender served a term of imprisonment of more than 12 months.").

To the undersigned counsel's knowledge, only one case alleging a "serious violent felony" as a sentencing enhancement has gone to trial in this district. In that case, the jury was asked only whether the defendant served a term of imprisonment of more than 12 months. *United States v. Robert Edward Maloney, Jr.*, Crim. No. 20-194 (DSD/DTS) ECF 256 p. 39.

Accordingly, the United States hereby submits an amended Jury Instruction No. 39 and accompanying special verdict form. The amendment removes the reference to the jury being required to find that the defendant was released from prison within 15 years of the commencement of the instant offense.

Dated: October 6, 2022

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

s/ *Nathan H. Nelson*

BY:   NATHAN H. NELSON
Assistant United States Attorney
Attorney ID No. 0388713
HILLARY A. TAYLOR
Special Assistant United States Attorney
Attorney ID No. 0398557

# Section 851 Enhancement Instructions

# To Be Used Only If Defendant is Found Guilty on One or More Counts

AMENDED JURY INSTRUCTION NO.  39
(Facts Establishing § 851 Enhancement)

[*For use in the event that the Defendant is convicted and demands a jury finding with respect to certain facts about his prior convictions*.]

Members of the jury, although you have found defendant guilty of [Count 1 and/or Count 2] of the Indictment, your job is not quite yet complete.  You will now hear testimony and evidence about the defendant's prior convictions.

You are instructed that the defendant has three prior convictions relevant to this case:

*One*, Assault in the 2nd Degree in Olmsted County, Minnesota, Criminal Case No. 55-K4-02-003563, on or about February 14, 2003;

*Two*, Aggravated Robbery in the 1st Degree in Olmsted County, Minnesota, Criminal Case No. 55-K9-04-004714, on or about January 25, 2007;

*Three*, Assault in the 1st Degree – Great Bodily Harm, in Olmsted County, Minnesota, Criminal Case No. 55-K4-06-000414, on or about February 16, 2007.

With respect to each of those convictions, you will need to answer the following question beyond a reasonable doubt: Prior to committing the crimes set forth in [Count 1 and/or Count 2], did the defendant serve a term of imprisonment of more than 12 months for the conviction.

Following the testimony, the lawyers may each make a brief closing argument.

## SPECIAL VERDICT FORM #2 – CHRISTOPHER ALLEN EDWARDS

*Please answer the questions below and then sign and date the verdict form. If you cannot unanimously agree on an answer, check no.*

**Prior Conviction #1: Assault in the 2nd Degree in Olmsted County, Minnesota, Criminal Case No. 55-K4-02-003563**

**Question #1**: Prior to committing the crime set forth in [Count 1] [or] [Count 2], did the defendant serve a term of imprisonment of more than 12 months for his prior conviction for Assault in the 2nd Degree in Olmsted County, Minnesota, Criminal Case No. 55-K4-02-003563.

    Yes_____                    No_____

*Regardless of your answer to this question, please proceed to Question #2, below.*

**Prior Conviction #2: Aggravated Robbery in the 1st Degree in Olmsted County, Minnesota, Criminal Case No. 55-K9-04-004714**

**Question #2:**   Prior to committing the crime set forth in [Count 1] [or] [Count 2], did the defendant serve a term of imprisonment of more than 12 months for his prior conviction for Aggravated Robbery in the 1st Degree in Olmsted County, Minnesota, Criminal Case No. 55-K9-04-004714.

Yes_____          No_____

*Regardless of your answer to this question, please proceed to Question #3, below.*

**Prior Conviction #3: Assault in the 1st Degree – Great Bodily Harm, in Olmsted County, Minnesota, Criminal Case No. 55-K4-06-000414**

**Question #3:** Prior to committing the crime set forth in [Count 1] [or] [Count 2], did the defendant serve a term of imprisonment of more than 12 months for his prior conviction for Assault in the 1st Degree – Great Bodily Harm, in Olmsted County, Minnesota, Criminal Case No. 55-K4-06-000414.

Yes_____                                  No_____

*When you have answered all the above questions, please have the foreperson sign and date this form.*

_____                    _____
Date                                       Foreperson