UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 21-255 (NEB/ECW)

UNITED STATES OF AMERICA,

      Plaintiff,

v.                         **DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS**

CRISTOPHER ALLEN EDWARDS,

      Defendant.

The defendant, Christopher Allen Edwards, by his attorney, Douglas B. Altman, requests the following jury instructions in addition to the proposed joint instructions of the parties.

Dated: October 7, 2022

                                                    s/Douglas B. Altman
                                                    Douglas B. Altman (13854X)
                                                    Attorney for Defendant
                                                    6701 W. 23rd Street
                                                    Minneapolis, Minnesota   55426
                                                    (612) 335-3700

INSTRUCTION NO. 1

**PRESUMPTION OF INNOCENCE**

I instruct you that you must presume Mr. Edwards to be innocent of the crime charged. Therefore, although accused of crimes in the indictment, Mr. Edwards begins the trial with a clean slate, i.e., with no evidence against him.  The indictment, as you already know, is not evidence of any kind. Mr. Edwards is not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against Mr. Edwards.  The presumption of innocence alone, therefore, is sufficient to acquit Mr. Edwards.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant since the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  Mr. Edwards is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Mr. Edwards has committed each and every element of the offense charged in the indictment, you must find him

not guilty of the offense.   If the jury views the evidence in the case as reasonably permitted either of two conclusions - - one of innocence, the other of guilt - - the jury must, of course, adopt the conclusion of innocence.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th Ed.), §12.10

INSTRUCTION NO. 2

**QUESTIONS BY LAWYERS**

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th Ed.), §12.08

INSTRUCTION NO. 3

**QUALITY OF EVIDENCE**

If a party offers weaker or less satisfactory evidence when stronger or more satisfactory evidence could have been produced at trial, you may, but are not required to consider this fact in your deliberations.

You must remember, however, that a defendant is not obliged to produce any evidence or call any witnesses.


O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th Ed.), §14.14

# INSTRUCTION NO. 4

## ONLY ON TRIAL FOR CHARGE IN INDICTMENT

Mr. McCoy is not on trial for any act or any conduct not specifically charged in the indictment. He is not on trial for any past criminal convictions or other criminal charges.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th Ed. 2000), §12.09 (modified).

INSTRUCTION NO. 5

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th Ed. 2000), §3.04

INSTRUCTION NO. 6

**NUMBER OF WITNESSES**

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th Ed.2000) §14.16

INSTRUCTION NO. 7

Chain of Custody

The defense has raised the issue of defects in the chain of custody of the approximately four (4) kilograms of cocaine found in the Jeep Compass. You may consider any defects in the determining the authenticity of this evidence and what weight to give it. The Government must prove beyond a reasonable doubt that the approximately four (4) kilograms of cocaine found in the Jeep Compass are the same as the approximately four (4) kilograms of cocaine introduced during the trial.

Third Circuit Model Criminal Jury Instructions §4.12 (Revised 2/2021);
*United States v. Briley*, 319 F.3d 360, 363 (8th Cir. 2003)