UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-CR-255 (NEB/ECW) |
| Plaintiff, | |
| v. | ORDER ON |
| | MOTIONS IN LIMINE AND MOTION |
| CHRISTOPHER ALLEN EDWARDS, | TO REOPEN SUPPRESSION OF EVIDENCE |
| Defendant. | |

Defendant Christopher Allen Edwards is charged with one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. Sections 841(a)(1), 841(b)(l)(B), and 846 and one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. Sections 84l(a)(l) and 841(b)(1)(B). Trial is set to begin on October 24, 2022. The government filed six motions in limine. (ECF No. 94.) Edwards objects to one of them. (ECF No. 96.) Edwards also filed an untimely motion for leave to reopen a suppression hearing relating to the seizure of evidence. (ECF No. 97.) A pretrial conference was held on September 28, 2022, at which the parties addressed the motions and objections. For the reasons discussed below, the Court denies Edwards' motion. The Court grants in part and defers in part the government's motions as follows.

1

I. **Government's Motions in Limine**

A. *First Motion in Limine to Preclude Reference to Possible Punishment*

In its first motion, the government moves for a pretrial ruling precluding Edwards from referring to his potential sentence or possible punishment. (ECF No. 94 at 1–2.) Edwards does not object to this motion. (ECF No. 96 at 1.) Because "any reference to sentencing [is] improper," *United States v. Fenner*, 600 F.3d 1014, 1023 n.7 (8th Cir. 2010), the government's request is granted as a correct statement of the law.

B. *Second Motion in Limine on Precluding Edwards or Counsel from Offering or Referring to Edwards' Hearsay Statements*

In its second motion, the government moves to preclude Edwards from offering or referring to his own hearsay statements in his cross-examination or during his case in chief. (ECF No. 94 2–3.) Edwards does not object to this motion. (ECF No. 96 at 1.) To the extent that the government requests that Edwards comply with the Rules of Evidence, including the rules governing hearsay, the motion is granted as a correct statement of the law. During trial, the Court will consider each hearsay objection in turn.

C. *Third Motion in Limine to Admit Edwards' Felony Convictions*

In its third motion, the government seeks to admit Edwards' prior felony record for the limited purpose of impeaching his credibility, if he testifies at trial. (ECF No. 94 at 3–5.) Edwards does not object to this motion, so long as the government's admissions are limited to (1) the fact that each conviction was a felony, (2) the date of each conviction,

and (3) the court of the convictions. (ECF No. 96 at 1.) If Edwards decides to testify at trial, the Court will hear argument on this issue.

### D. Fourth Motion in Limine to Preclude Reference to Jury Nullification

In its fourth motion, the government requests that the Court preclude Edwards or his counsel from presenting any argument or evidence related to jury nullification at trial. (ECF No. 94 at 5–6.) At the pretrial hearing, the government withdrew the motion based on defense counsel's assurances that he would not present any such argument. The motion is withdrawn.

### E. Fifth Motion in Limine to Preclude Improper Character Evidence

In its fifth motion, the government asks the Court to preclude Edwards from offering improper character evidence of any witness without first providing the government with an opportunity to be heard on its admissibility. (ECF No. 94 at 6.) Edwards does not object to this motion. (ECF No. 96 at 2.) The motion is granted.

### F. Sixth Motion in Limine to Sequester Witnesses

In its sixth motion, the government asks for witnesses to be sequestrated but asks that the government's case agent, Olmsted County Sherriff's Office Investigator Joel Johnson, be exempted from sequestration. (ECF No. 94 at 6.) Edwards does not object to this motion. (ECF No. 96 at 2.) Edwards asks that his investigator, Michael Grostyan, also be exempt from sequestration since he is "essential" to the presentation of Edwards' case. (*Id.*) During the pretrial conference, the government did not object to excluding Mr.

Grostyan from sequestration. This motion is granted. Johnson and Grostyan are excluded from the sequestration order as requested.

**II.      Edwards' Motion to Reopen Suppression of Evidence**

Finally, Edwards raises a motion for leave to reopen the Court's prior order denying suppression of the four kilograms of cocaine recovered under a search warrant for the Jeep rental car Edwards occupied. (ECF No. 97.) After Indictment, the Court issued a scheduling order requiring the parties to file all motions in the case on or before February 23, 2022. (ECF No. 29.) Edwards moved to suppress evidence seized from five search warrants—including the Jeep warrant—arguing that the government "failed to establish a nexus between his home, person, and cars and criminal activity, and that the evidence in support of the warrant [was] stale." (ECF Nos. 38 & 64 ("R&R") at 3.) In a Report and Recommendation, United States Magistrate Judge Elizabeth Cowan Wright recommended denying Edwards' motion to suppress. (R&R at 44–45.) The Court accepted the R&R over Edwards' objection. (ECF No. 84.)

Now Edwards brings an untimely motion to reopen suppression of the cocaine based on a new argument. (ECF No. 97.) Edwards argues that suppression is warranted because the receipt and inventory log attached to the search warrant failed to include the seizure of the four kilograms of cocaine recovered from the Jeep. (ECF No. 97 at 2–3.)

Edwards further argues that such an error violates state and federal law, and thus requires suppression.[1] (*Id.*)

This court retains discretion to reopen a motion to suppress to consider new evidence or address a new argument. *United States v. Chavez Loya*, 528 F.3d 546, 555 (8th Cir. 2008). Under the Federal Rules of Criminal Procedure motions to suppress evidence "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(c). Because the deadline for pretrial motions has passed, the Court will only consider Edwards' untimely motion for suppression if he shows good cause. Fed. R. Crim. P. 12(c)(3); *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019). To show good cause, Edwards must show both cause and prejudice. *Fogg*, 922 F.3d at 391.

*Cause.* Edwards has not shown cause under Rule 12. Although the government sent Edwards the inventory log at issue in December 2021, (ECF No. 98 at 5), Edwards contends that he did not make the argument earlier because he did not know about the relevant "Minnesota search warrant statutory scheme until recently." (ECF No. 97 at 4.) Edwards provides no legal authority to support his position that his unfamiliarity with state law constitutes good cause. (ECF No. 97 at 4.) The Court determines that

---

[1] Edwards alleges that the government's failure to log the cocaine violates Minn. Stat. §§ 626.16 and 626.17 and Fed. R. Crim. P. 41(f).

unfamiliarity with the law is not sufficient cause for the delay in bringing the argument to the Court's attention.

*Prejudice.* Edwards has also not shown prejudice. He argues that he faced prejudice because "the large amount of cocaine, which does not exist in the State's search warrant paperwork, arguably affected his pretrial release[.]" (ECF No. 97 at 5.) The order of detention in this case, in concluding that Edwards did not rebut the presumption in 18 U.S.C. § 3142(e)(3)(A), relies on many factors, primarily Edwards' history of violent offenses and history on pretrial release. (ECF No. 23 at 2–3.) The Court cannot conclude that Edwards' detention would have been different if the inventory log had included the cocaine. *See United States v. Adams*, 401 F.3d 886, 893 (8th Cir. 2005) (requiring a showing of prejudice for failure to list evidence on a search warrant return); *United States v. Nichols*, 344 F.3d 793, 799 (8th Cir. 2003) ("Where executing officers fail to abide by the dictates of Rule 41, suppression is only required if a defendant can demonstrate prejudice.") Thus, the Court declines to reopen the suppression hearing.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  The government's Motions in Limine (ECF No. 94) are GRANTED IN PART AND DEFERRED IN PART, as described herein.

2.  Edwards' Motion for Leave to Re-Open Suppression Hearing Relating to the Seizure of About Four Kilograms of Cocaine (ECF No. 97) is DENIED.

Dated: October 13, 2022

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge