**COURT'S FINAL JURY INSTRUCTIONS**
*United States of America v. Christopher Allen Edwards*
**Criminal No. 21-CR-255 (NEB/ECW)**

JURY INSTRUCTION No. 1
**Introduction**

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

JURY INSTRUCTION No. 2
**Duty of Jury**

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

JURY INSTRUCTION No. 3
**Evidence; Limitations**

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated—this is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

JURY INSTRUCTION NO. 4
**Evidence; Direct and Circumstantial**

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

JURY INSTRUCTION No. 5
**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

JURY INSTRUCTION NO.  6
**Testimony Under Grant of Plea Bargain**

You have heard evidence that Chloe Michelle Johnson has made a plea agreement with the government that her testimony will not be used against her in a criminal case. Her testimony was received in evidence and may be considered by you. You may give her testimony such weight as you think it deserves. Whether or not her testimony may have been influenced by the plea agreement is for you to determine.

The witness' guilty plea cannot be considered by you as any evidence of this defendant's guilt. The witness' guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness' testimony.

JURY INSTRUCTION NO. 7
**Testimony of Accomplice**

You have heard testimony from Chloe Michelle Johnson who stated that she participated in the crime charged against the defendant. Her testimony was received in evidence and may be considered by you. You may give her testimony such weight as you think it deserves. Whether or not her testimony may have been influenced by her desire to please the government or to strike a good bargain with the government about her own situation is for you to determine.

JURY INSTRUCTION NO.  8
**Opinion Evidence – Expert Witness**

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

JURY INSTRUCTION NO.  9
**Rule 1006 Summaries**

You will remember that certain schedules, summaries, or charts were admitted in evidence. You may use those schedules, summaries, or charts as evidence, even though the underlying documents and records are not here.

JURY INSTRUCTION No. 10

**Description of Charges; Indictment Not Evidence; Presumption of Innocence; Burden of Proof (Single Defendant, Multiple Counts)**

The Indictment in this case charges Mr. Edwards with two different crimes. Count 1 charges the defendant with conspiracy to distribute controlled substances, such as cocaine, heroin, fentanyl, and methamphetamine. Count 2 charges the defendant with possession with intent to distribute cocaine. Mr. Edwards has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendant with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume Mr. Edwards to be innocent. Thus, Mr. Edwards began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the government throughout the trial. Accordingly, the fact that Mr. Edwards did not testify must not be considered by you in any way, or even discussed, in arriving at your verdicts.

JURY INSTRUCTION NO.  11
**Reasonable Doubt**

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

JURY INSTRUCTION NO.  12
**Conspiracy Elements**

The crime of conspiracy as charged in Count 1 of the Indictment, has three essential elements, which are:

*One*, from on or about June 2021, and continuing through on or about October 16, 2021, two or more persons reached an agreement or came to an understanding to distribute a mixture or substance containing cocaine, heroin, fentanyl, or methamphetamine;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

You are instructed that cocaine, heroin, fentanyl, and methamphetamine are controlled substances under federal law.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged in Count 1; otherwise you must find the defendant not guilty of that crime. If you find the defendant guilty of the crime charged in Count 1, you must then determine unanimously and beyond a reasonable doubt the quantity of any mixture or substance containing cocaine, heroin, fentanyl, and methamphetamine that the defendant possessed for personal use,

distributed, or agreed to distribute. The quantity also includes controlled substances fellow conspirators distributed or agreed to distribute, if you find that those distributions or agreements to distribute were a necessary or natural consequence of the agreement or understanding and were reasonably foreseeable by the defendant. Record your determination on the Verdict Form that will be submitted to you with these instructions.

JURY INSTRUCTION NO.  13
**Conspiracy Elements Explained**

**Element One -**

Element One requires that two or more people reached an agreement to commit the crime of distribution of controlled substances.

Count 1 of the Indictment charges a conspiracy to distribute controlled substances. For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose.

The agreement between two or more people to commit the crime of distribution of controlled substances does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of distribution of a controlled substance was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

**Element Two -**

Element Two requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit the crime of distribution of controlled substances, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime of distribution of controlled substances, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether the defendant joined the agreement, you may consider only the acts and statements of the defendant.

A person joins an agreement to commit the crime of distribution of controlled substances by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a

conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

To help you decide whether the defendant agreed to commit the crime of distribution of controlled substances you should consider the elements of that crime, which are the following:

*One*, the defendant intentionally distributed controlled substances; and

*Two*, at the time of the transfer, the defendant knew that it was a controlled substance.

**Element Three -**

Element Three requires that the defendant knew the purpose of the agreement at the time they joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime of distribution of controlled substances simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his or her acts furthered the conspiracy.

JURY INSTRUCTION NO.  14
**Knowledge of Precise Controlled Substance Need Not Be Proven**

It is not necessary for the government to prove that the defendant knew the precise nature of the controlled substance that was agreed (or intended) to be distributed. The government must prove beyond a reasonable doubt, however, that the defendant did know that some type of controlled substance was agreed to (or intended) be distributed. In this regard, you are instructed that numerous other illegal substances, such as marijuana, crack cocaine, and fentanyl, fall within the definition of a controlled substance.

JURY INSTRUCTION NO.  15

**Possession with Intent to Distribute Controlled Substances Elements**

The crime of possession with intent to distribute cocaine as changed in Count 2 of the indictment has three elements, which are:

*One*, the defendant possessed a mixture or substance containing a detectable amount of a cocaine;

*Two*, the defendant knew that he was in possession of cocaine; and

*Three*, the defendant intended to distribute some or all of the cocaine to another person.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged in Count 2; otherwise you must find the defendant not guilty of that crime. If you find the defendant guilty of the crime charged in Count 2, you must then determine unanimously and beyond a reasonable doubt the quantity of any mixture or substance containing cocaine that the defendant possessed with intent to distribute. Record your determination on the Verdict Form that will be submitted to you with these instructions.

JURY INSTRUCTION NO.  16
**Aiding and Abetting – Possession With Intent To Distribute**

A person may also be found guilty of possession with intent to distribute cocaine even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of the crime.

In order to have aided and abetted the commission of a crime a person must, before or at the time the crime was committed:

(1) have known the crime of possession with intent to distribute cocaine was being committed or going to be committed;

(2) have had enough advance knowledge of the extent and character of the crime that he was able to make the relevant choice to walk away from the crime before all elements of the possession with intent to distribute cocaine were complete; and

(3) have knowingly acted in some way for the purpose of causing or aiding the commission of the crime of possession with intent to distribute cocaine.

For you to find the defendant guilty of possession with intent to distribute by reason of aiding and abetting, the government must prove beyond a reasonable doubt all of the elements of possession with intent to distribute cocaine were committed by some person or persons and that the defendant aided and abetted that crime; otherwise you must find the defendant not guilty of this crime under Count 2.

You may infer the defendant had the requisite advance knowledge of the crime if you find the defendant failed to object or withdraw from actively participating in the commission of distributing controlled substances after the defendant observed another participant possess cocaine.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.

JURY INSTRUCTION NO.  17
**Possession: Actual, Constructive, Sole, Joint**

The law recognizes several kinds of possession.  A person may have actual possession or constructive possession. A person may have sole or joint possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

JURY INSTRUCTION NO.  18

**"Distribute" Defined**

The term "distribute," as used in these instructions, means to deliver or to transfer possession or control of something from one person to another. The term "distribute" includes the sale of something by one person to another.

JURY INSTRUCTION NO.  19
**Proof of Intent or Knowledge**

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

JURY INSTRUCTION NO.  20
**"On or About" – Defined**

The Indictment alleges that the offenses charged occurred "on or about" a certain date or within a certain range of dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the time frame alleged in the Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

JURY INSTRUCTION NO. 21
**Election of Foreperson; Duty to Deliberate; Punishment Not a Factor;
Communications with Court; Cautionary; Verdict Form**

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign, and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

JURY INSTRUCTION No. 22
**Information to Establish Prior Convictions**

To determine whether the defendant is subject to increased punishment under Title 21, United States Code, Section 851 you must determine beyond a reasonable doubt whether the defendant, CHRISTOPHER ALLEN EDWARDS, was convicted of one or more serious violent felonies which had become final, and for which he served more than 12 months of imprisonment.

The government has alleged that Mr. Edwards was convicted of the following: (1) Assault in the 2nd Degree in Olmsted County, Minnesota, Criminal Case No. 55-K4-02-003563, on or about February 14, 2003; (2) Aggravated Robbery in the 1st Degree in Olmsted County, Minnesota, Criminal Case No. 55-K9-04-004714, on or about January 25, 2007; and (3) Assault in the 1st Degree – Great Bodily Harm, in Olmsted County, Minnesota, Criminal Case No. 55-K4-06-000414, on or about February 16, 2007.

You must also continue to follow *all* instructions I gave you earlier, during the first stage of the trial and your deliberations, whether provided in writing or not.